PHILIP ANTHONY, Respondent, v. FRED BRADSHAW, Appellant.— Order insofar as appealed from modified on the law and facts in accordance with the memorandum and as modified affirmed, with $10 costs and disbursements to the defendant-appellant. Memorandum: The order directs the physical examination of the plaintiff in an action for personal injuries. The order, however, provides as a condition for such examination that the defendant be limited to the use of only one physician upon the trial. After the accident and before the action was commenced, the plaintiff was examined by a physician on behalf of the defendant. Section 306 of the Civil Practice Act provides for a physical examination of the plaintiff " In an action to recover damages for personal injuries ". The examination had before the action was commenced was not an examination " In the action " provided for by section 306. (*Cronin* v. *Anderson*, 226 App. Div. 691.) Moreover, the defendant did not have plaintiff's bill of particulars of his alleged injuries until over a year had passed since the accident and the defendant is entitled, as the order provides, to an exam-

ination by an orthopedic surgeon. Section 306 provides that such physical examination shall be made "under such restrictions and directions as to the court or judge shall seem proper." The words "restrictions and directions" refer to the method of the examination. There is no authority in the section which permits an examination upon some extraneous condition. Defendant having shown his right to the examination, is entitled to this order without any conditions atttached. Any limitation of the number of expert witnesses to be called by a party upon the trial is a matter to be determined by the trial court. All concur. (Appeal from part of an order limiting defendant to the use of only one examining physician upon the trial of an action on a motion for physical examination of party before trial.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.