CHARLES SWIATLOWSKI et al., Respondents, v. CASMIER V. KASPRZYK, Appellant.

Fourth Department, March 13, 1957.

262

■■■■■■■■■■■■■■■

*Richard K. Schoepperle* for appellant.

*Hyman Karnofsky* and *Irwin E. Ginsberg* for respondents.

WILLIAMS, J. The plaintiff alleges that she was injured through negligence of the defendant. Before the commencement of an action, she voluntarily submitted to a physical examination by a physician selected by defendant. After action brought, defendant moved for a further examination under section 306 of the Civil Practice Act. We have held that an examination prior to the commencement of an action is not exhaustive of defendant's rights under section 306, since it is not the examination " in an action " contemplated by that section (*Anthony* v. *Bradshaw*, 282 App. Div. 851). The first paragraph of the order of Special Term directs that plaintiff appear for examination by the physician who on defendant's behalf had previously examined her and who was obviously nominated by defendant. No appeal has been taken by plaintiff from any portion of the order, and we may therefore take it as settled that defendant was entitled to the examination granted. The second ordering paragraph directs that plaintiff or her attorney be furnished with a copy of the medical report, and defendant appeals solely from that portion of the order. The single question for our decision is whether the right to a physical examination of an injured party, once established, should be burdened with a requirement that a copy of the medical report be furnished to her or to her attorney.

If the precedents of this court alone were regarded, and not dismissed in favor of a recent pronouncement by another tribunal (*Del Ra* v. *Vaughan*, 2 A D 2d 156), there would not be much doubt about the question. Judge POUND, while on the trial bench, wrote convincingly regarding the matter in *Mizak*

v. *Carborundum Co.* (75 Misc. 205, 208, affd. by this court in 151 App. Div. 899). His opinion clearly records his sense of the unfairness and inequality involved in requiring disclosure to plaintiff of a medical report. He stated: '' Plaintiff's physicians file no report, are subject to no examination before trial, do not disclose their knowledge or information to the defendant without the plaintiff's consent. They give their evidence in court upon the trial. A defendant in a negligence case may not be compelled to disclose before trial what the physical examination of plaintiff by its physician reveals, any more than it may be compelled to disclose what it expects to prove by its other witnesses. Equality in this respect is fair. The real purpose of the examination is to discover to defendant ' the nature and extent of the injuries complained of ' ''.

We agree that the purpose of the examination is to enable defendant to prepare for trial. It is his ignorance of the nature and extent of the injuries which is to be cured by an actual physical examination rather than by a forced reliance on a bill of particulars or an oral examination. His need and his motion bring into being an examination by a physician who, although designated by the court and expected to be impartial, in a sense represents the defendant. We cannot close our eyes to the fact that the physician appointed is usually suggested by defendant, as was done in this case, and defendant must compensate him without contribution from the plaintiff. While defendant must procure a court order for the examination, that is simply to compel the co-operation of a reluctant plaintiff, and in the vast majority of cases, it would be a serious abuse of discretion to deny the motion. The plaintiff, of course, may have as many examinations by as many physicians as desired, and need reveal to no one the results thereof. The statute recognizes that, without judicial assistance from such a position of inequality, defendant could not safely go to trial. Its sole purpose is to remedy his lack of knowledge '' of the nature and extent of the injuries complained of,'' (Civ. Prac. Act, § 306) and we can find no warrant in the statutory language or purpose for requiring, as a condition of the exercise of the right to an examination, the sharing with plaintiff of the information obtained thereby. Such a condition would reimpose the inequality which the statute was enacted to cure.

The order in *Anthony* v. *Bradshaw* (282 App. Div. 851, *supra*) provided as a condition of the examination that the defendant be limited to the use of only one physician upon the trial. We struck out that condition, stating: '' The words ' restrictions and directions ' refer to the method of the examination. There

is no authority in the section which permits an examination upon some extraneous condition. Defendant having shown his right to the examination, is entitled to this order without any conditions attached." The order now before us contains such an extraneous condition. The use which is to be made of the medical report, whether before trial or at the trial, is unrelated to the method of the examination. We have had a number of cases involving the nature and extent of the permissible examination and of the tests that may be had (*Carrig* v. *Oakes,* 259 App. Div. 138; *Bartolotta* v. *Delco Appliance Corp.,* 254 App. Div. 809; *Grill* v. *Mathieson Alkali Works,* 243 App. Div. 853; *Fritsch* v. *Central Trust Co.,* 262 App. Div. 551). As to such matters, the court in the exercise of a reasonable discretion may impose " restrictions and directions ". But if our interpretation of section 306 in *Anthony* v. *Bradshaw* (*supra*) is correct, then the Special Term was without power to impose the condition now complained of by defendant. The benefits supposed to flow from a " liberalized " practice should in no way alter or affect our construction of section 306 of the Civil Practice Act. If that statute is to be amended, it should be by legislation and not by judicial construction. We see no need to alter the long-established rule of this department.

The order, insofar as appealed from, should be reversed, and the motion denied.

All concur, except BASTOW, J., who dissents and votes for affirmance in the following memorandum: In my opinion Special Term had power to impose the condition both under the statute and in the exercise of discretion. I agree with the persuasive reasoning of Justice BERGAN in *Del Ra* v. *Vaughan* (2 A D 2d 156). In a further effort to narrow the area of medical dispute I would attach the condition to plaintiffs' receiving a copy of the report of the results of the physical examination that they furnish to defendant copies of written reports to be made by all physicians who had attended or examined the injured plaintiff. Thus, when the time arrived for a pretrial conference both court and respective counsel could be fully informed as to the claimed injuries and the opinions of physicians of both parties relating thereto.

Present — McCURN, P. J., VAUGHAN, KIMBALL, WILLIAMS and BASTOW, JJ.

Order insofar as appealed from reversed on the law, with $10 costs and disbursements.