Benjamin Brenner, J.
The court does not recollect precisely whether plaintiffs’ attorney objected to the impartial orthopedic and neurological examinations when the oral application therefor was first made and granted at pretrial. It is its impression that the attorney was agreeable thereto provided the fees were paid by the defendant and provided further that a copy of the report be furnished. In any case, the matter has been reviewed as requested upon formal papers and the objec *753 tions as to adequate notice of the application and the term where it may be heard are thus waived.
The facts set out in the affidavit before me confirm my original view that the examinations are essential, especially since it now appears that there are substantial variations between the physical examination and findings made prior to suit and those claimed after commencement of the action. (Anthony v. Bradshaw, 282 App. Div. 851.)
The court is not without power at pretrial under rule 8 of the Kings County Supreme Court Rules to order an impartial physical examination upon consent. But even if such consent had not been given or, if given, was later withdrawn, it must be noted that section 306 of the Civil Practice Act does not restrict the making of such an order, without consent, to any particular term or part of the court. Nor is there any limitation expressed in the statute as to a second examination when need therefor is shown. (Conforti v. Central School Dist. No. 3, 284 App. Div. 1084.) The authorities cited by the plaintiffs are primarly predicated upon an absence of notice of the application or of necessity for the examination and are therefore distinguishable.
An impartial physical examination is often desirable to afford the court a basis for evaluating a case upon pretrial. Where settlement is not effected at such conference, the examination may shed light on the extent of plaintiff’s injuries for use at a subsequent pretrial negotiation. And, if settlement is ulti-" mately not possible, the impartial examination serves to narrow the issues upon the trial which, short of complete disposition of the litigation, is the second all-important objective of the pretrial procedure.
The order for the examination is signed.