■ J. MARCUS & SONS, INC., Respondent, v. FEDERAL INSURANCE COMPANY, Appellant.— TAYLOR, J. Defendant appeals from an order of the Supreme Court granting plaintiff's motion for a protective order pursuant to CPLR 3122 striking defendant's notice to permit entry upon plaintiff's property for the purpose of inspecting, examining, photographing and recording by motion pictures or otherwise the buildings and the appurtenances thereon involved in an action to recover damages for losses of property allegedly occasioned as the result of named perils set forth in a policy of fire insurance issued by defendant. Special Term rested its decision on the theory that once having had an inspection defendant was not entitled to another absent a showing of special circumstances. · In this Special Term erred. CPLR 3120 provides for the discovery and production of documents and things for inspection, testing, copying or photographing " After commencement of an action ". The voluntary disclosure had was, of course, prior to the commencement of the action and hence was not exhaustive of the right which the statute grants after its commencement. (*Cronin* v. *Anderson*, 226 App. Div. 691; *Anthony* v. *Bradshaw*, 282 App. Div. 851; *Swiatlowski* v. *Kasprzyk*, 3 A D 2d 261.) In any event, there was no satisfactory showing by the movant that a second entry upon plaintiff's property would cause " unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts." (CPLR 3103, subd. [a]; *Buehler* v. *Bush*, 200 App. Div. 206; *Citizens Trust Co.* v. *Prescott & Son*, 221 App. Div. 420.) Order reversed, on the law and the facts, with costs, and motion denied. Gibson, P. J., Herlihy, Reynolds and Hamm, JJ., concur.

■ In the Matter of the Claim of ARACELLYS INFANTE, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— HERLIHY, J. Claimant appeals from a decision of the Unemployment Insurance Appeal Board disqualifying her for benefits. The Referee found and the board affirmed that the credible evidence established that the claimant provoked her dismissal which constituted voluntarily leaving her employment without good cause and in this record there is substantial evidence to support the decision. In claimant's brief, before this court, facts are presented which were not before the board and which are not considered on this appeal. Decision affirmed, without costs. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.

■ SANDY MAHAN, by THOMAS G. MAHAN, His Guardian ad Litem, et al., Respondents, v. ECKERT FUELS, INC., et al., Defendants, and ECKERT ENTERPRISES, LTD., Appellant.— MEMORANDUM BY THE COURT. Plaintiff sought to bring in the additional defendants by so-called supplemental summons and supplemental complaint, after the Statute of Limitations had run and prior to the effective date of CPLR 203 (subd. [e]) upon which respondent relies. The cause of action as against appellant was barred under CPLR 218 (subd. [a]) in any event and, further, as to it the complaint was not an " amended complaint" within the meaning of either sections 244, 245 of the Civil Practice Act or CPLR 3025. Judgment reversed, on the law and the facts, and complaint dismissed, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.