J. Egbert Lynch, J.
It is the plaintiffs’ complaint that the remodelling of their home by the defendant Gardner and North was negligently done. They commenced this action with a bare summons to which the defendants responded with a notice of appearance. Thereafter, but long before the complaint and its subsequent particularization were served, Gardner and North’s attorney with two of its employees arranged with the plaintiffs’ attorney and made an inspection of the plaintiffs’ home. After the complaint and the bill of particulars were served Gardner and North served a notice to inspect the same premises under CPLE 3120. Because an inspection had already been had the plaintiffs rejected this notice. Gardner and North now petition this court for such an inspection, arguing that the first one was necessarily superficial since it was done without benefit of a formal complaint.
In pertinent part, CPLR 3120 provides that “ After commencement of an action, any party may serve on any other party notice * * * to permit entry upon designated land or other property in the possession, custody or control of the party served for the purpose of inspecting”. An action is of course commenced by service of the summons. (CPLR 304.)
Two examinations of the same subject have been permitted when the first one preceded the commencement of the action. (Marcus & Sons v. Federal Ins. Co., 24 A D 2d 922; Swiatlowski v. Kasprzyk, 3 A D 2d 261; Anthony v. Bradshaw, 282 App. Div. 851.) In Whitaker v. Staten Is. Midland R. R. Co. (76 App. Div. 351, 354) regarding a re-examination of the plaintiff by a defendant’s physician, the court said: “ The general purpose of the enactment * * * ought not to be extended beyond the clearly expressed intention of the Legislature, which, while not *1025 expressly limiting the examination to a single occasion, makes no provision for more than one examination ”. But apart from this we find no decision regarding the number of examinations that may be had once the action has commenced.
We feel that the absence of a statutory limitation on the number of examinations is in line with our present theory of disclosure. CPLR 3103 continues the court’s discretion to “ make such an order with respect to the discovery or inspection as justice requires ” that was formerly granted by rule 141 of the Rules of Civil Practice. (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3120.21.) The exercise of this discretion is limited on the one hand by “ full disclosure of all evidence material and necessary” (CPLR 3101) and on the other hand by “ unreasonable ánnoyanee, expense, embarrassment, disadvantage, or other prejudice to any person or the courts ” (CPLR 3103). We conclude then that, while CPLR 3120 assures one inspection after the commencement of an action, there may or may not be subsequent inspections, dependent upon the proper exercise of the court’s discretion within the framework of the given circumstances of each case.
Here the defendant elected to waste its only assured inspection by using before it knew of what the plaintiffs would formally and specifically complain. That this may have been done as part of a salutary effort to settle the action does not outweigh the inconvenience and added expense of another inspection for the plaintiffs.
The petition is denied.