■ ELLA M. MARSHALL et al., Appellants, v. ALBERT VYZIAK, Respondent. — Appeal from an order of the Supreme Court, entered December 29, 1971 in Broome County, which denied plaintiffs' motion for an order pursuant to CPLR 3122 vacating defendant's notice calling for the physical examination of Ella Maye Marshall, one of the plaintiffs. Following an accident on October 17, 1969 in which said plaintiff allegedly received personal injuries, defendant's representative contacted her to effect a settlement. At his request and prior to comencement of an action, she submitted to a physical examination by a doctor on November 13, 1970. The disputed notice seeking a second examination by another physician was served after the instant action to recover for said injuries had been started. CPLR 3121 provides for a medical examination of a party after commencement of an action where, among other things, his physical condition is in controversy. The original medical examination, consented to voluntarily in the course of efforts to arrive at a settlement, was not exhaustive of the right which the statute grants after commencement of an action (cf. *Marcus & Sons* v. *Federal Ins. Co.*, 24 A D 2d 922). Futhermore, there is no satisfactory showing of any "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (see CPLR 3103, subd. [a]), the absence of which is indicated also, at least in part, by said plaintiff's willingness to be re-examined by the original physician. Order affirmed, without costs. Staley, Jr., J. P., Cooke, Sweeney, Simons and Kane, JJ., concur.

## (December 15, 1972)

■ In the Matter of GLENN P. WALLS, JR., — Application for reinstatement as an attorney and counselor at law in good standing, granted. Order entered. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Reynolds, JJ., concur.

## (December 21, 1972)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GARY J. SICKLER, JR., Appellant.— Appeal from a judgment of the Supreme Court, Greene County, rendered upon a verdict convicting the defendant of the crime of felony murder (Penal Law, § 125.25, subd. 3). When this case was previously before us (39 A D 2d 616), we withheld the determination of the appeal and remitted the case to the trial court with direction to hold a *Huntley* hearing to determine if two witnesses for the People were, in fact, police agents. The trial court has held that hearing and determined that the witnesses were not police agents as alleged. We find no basis to disturb that determination, nor do we find any merit in the additional contentions raised by the appellant on this appeal. Accordingly, the judgment of conviction should be affirmed. Judgment affirmed. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Reynolds, JJ., concur.