# (March 6, 1984)

■ RONALD B. LINDHOLM et al., Respondents, v JOEL S. WIENER, Also Known as LOFT REALTY Co., Appellant. — Order, Supreme Court, New York County

(Alvin Klein, J.), entered April 1, 1983 denying defendant's motion pursuant to CPLR 3120, for an order allowing him or his representative to enter plaintiffs' loft for the purpose of inspecting and photographing the premises affirmed, with costs. ¶ The defendant is the owner of a commercial loft building located at 49 West 27th Street, Manhattan. Plaintiffs are tenants in one of the lofts in the building. In mid-1982 plaintiffs commenced an action together with an application for a preliminary injunction to enjoin defendant landlord from cutting off the water supply in plaintiffs' loft and to compel the landlord to restore water services. In connection with the settlement of that action, defendant visited the loft and conducted an inspection. There followed a dispute between the parties relating to heat and hot water services. By order to show cause, plaintiffs moved for a permanent injunction requiring defendant to restore gas services for heating purposes and sued for damages and attorney's fees. Defendant cross-moved seeking a stay pending determination by the City of New York Loft Board on the ground that "jurisdiction of that agency has been evoked by plaintiffs and is the proper forum for resolution of the dispute". Shortly after the commencement of the action, defendant's request for permission to visit the loft and to inspect it was granted. Defendant again conducted an extensive inspection and investigation of the premises. ¶ On October 28, 1982 Special Term (Norman Ryp, J.) rendered a decision holding the motion and cross motion in abeyance pending determination at a preliminary hearing of designated issues. Plaintiffs then consented to the defendant's cross motion to stay the action pending determination of the issues by the loft board pursuant to article 7-C of the Multiple Dwelling Law (the Loft Conversion Law). Thereafter, on February 2, 1983, at defendant's request, plaintiffs permitted another examination and inspection of their premises conducted by defendant and another member of his family. Thus, there had been three inspections of plaintiffs' premises within a period of six or seven months, one prior to the commencement of the action and two while the action was pending. Notwithstanding these inspections, defendant moved to compel plaintiffs to permit the inspection and photographing pursuant to CPLR 3120. The order appealed from properly denied such inspection and photographing. ¶ The pending action is one to require defendant to restore gas services for heating purposes and for damages including attorney's fees. No reason appears why a fourth inspection and photographing is required for purposes of issues in this action. Moreover, the action appears to have been stayed pending proceedings before the loft board. There was no abuse of discretion in denying the application. An additional inspection and photographing are hardly necessary to defend this action. ¶ The dissent's reliance upon *Marcus & Sons v Federal Ins. Co.* (24 AD2d 922) is misplaced. In that case there had been an inspection prior to the commencement of suit. Here there was one inspection prior to suit and two more while the suit has been pending, all within six or seven months, which is surely sufficient. ¶ To the extent that the further inspection and photographing are sought for purposes of the proceeding before the loft board, inspection pursuant to CPLR 3120 is unwarranted. Nothing in the Loft Conversion Law authorizes, permits or requires such an inspection. Section 282 of the Multiple Dwelling Law, which establishes the loft board and defines its powers, does not appear to authorize such an inspection and photographing of premises involved in proceedings before the board. The dissent does not indicate any basis for such inspection. ¶ If, as the dissent suggests, the loft board has no power to pass upon the issue of discovery, nothing in the CPLR authorizes discovery in aid of a proceeding before the loft board. Plainly, defendant's request to inspect and photograph the premises is part of a pattern of harassment of the plaintiffs and other tenants in the building. ¶ The application was properly denied in the exercise of discretion (*Tovern v Gardner*

& *North Roofing & Siding Corp.,* 57 Misc 2d 1024). Concur — Ross, Carro and Fein, JJ.

Murphy, P. J., and Kassal, J., dissent in a memorandum by Kassal, J., as follows: We disagree with the disposition at Special Term and would reverse the order and grant defendant's motion to inspect and photograph the loft occupied by plaintiffs. ¶ The issue as to plaintiffs' status under the Loft Law (Multiple Dwelling Law, art 7-C), is presently pending before the loft board. However, there appears to be no procedure by which the board can direct discovery material relevant to the dispute; nor does section 282 of the Multiple Dwelling Law, establishing such unit, expressly contain such provision. On this basis, Special Term improperly deferred the issue by relegating the parties to an application before the loft board. ¶ The record does not reflect that the inspection was sought to harass plaintiffs or other residential tenants (CPLR 3103, subd [a]). It is conceded that the landlord had been accorded prior inspections. However, the inspection prior to commencement of the action does not foreclose a party from disclosure after suit has been instituted (see *Marcus & Sons v Federal Ins. Co.,* 24 AD2d 922). Insofar as the two inspections held after the commencement of the litigation, appellant claims that he was unable to photograph the interior of the loft, necessary to assist in the defense of this action and desirable in the proceeding before the loft board. This assertion has not been challenged by plaintiffs. Contrary to the view expressed by the majority, CPLR article 31 authorizes and affords a basis for the inspection sought by that defendant herein. Accordingly, there was a legitimate basis for the additional request to photograph the loft and it would be of great assistance to the loft board in its determination.