■ HIGH POINT OF HARTSDALE I CONDOMINIUM, Respondent, v AOI CONSTRUCTION, INC., Also Known as AOI RESTORATION, INC., Appellant, et al., Defendants. [818 NYS2d 477]—

In an action, inter alia, to recover damages for breach of contract, the defendant AOI Construction Inc., also known as AOI Restoration, Inc., appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered March 16, 2005, which denied its motion, among other things, to vacate the note of issue and certificate of readiness, to compel the plaintiff to permit its expert engineer to inspect the plaintiff's garage, and to extend its time to move for summary judgment.

Ordered that the appeal from so much of the order as denied that branch of the motion which was to extend the appellant's time to move for summary judgment is dismissed as academic; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law and as a matter of discretion, and those branches of the motion which were to vacate the note of issue and certificate of readiness, and to compel the plaintiff to permit the appellant's

expert engineer to inspect the plaintiff's garage, are granted; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appellant, which showed that an inspection by its expert engineer of the plaintiff's garage would yield evidence that is "material and necessary" to its defense (CPLR 3101 [a]), demonstrated that the case was "not ready for trial" (22 NYCRR 202.21 [e]; *see Mosley v Flavius*, 13 AD3d 346 [2004]; *Rizzo v DeSimone*, 287 AD2d 609, 610 [2001]; *Perla v Wilson*, 287 AD2d 606 [2001]; *Audiovox Corp. v Benyamini*, 265 AD2d 135, 138 [2000]). Furthermore, the plaintiff failed to establish that it would be unduly prejudiced or burdened if it was compelled to permit the inspection to take place (*cf.* CPLR 3122; *J. Marcus & Sons v Federal Ins. Co.*, 24 AD2d 922 [1965]). Under these circumstances, the court should have granted those branches of the appellant's motion which were to vacate the note of issue and certificate of readiness, and to compel the plaintiff to permit the appellant's expert engineer to inspect the plaintiff's garage (*see Venia v 18-05 215th St. Owners*, 288 AD2d 463, 464 [2001]).

In light of our determination, the appeal from so much of the order as denied the branch of the motion which was to extend the time to move for summary judgment is academic (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648 [2004]). Miller, J.P., Adams, Goldstein and Covello, JJ., concur.