■ EDWARD MONTALVO et al., Appellants, v CVS PHARMACY, INC., Respondent, et al., Defendants. (And a Third-Party Action.) [915 NYS2d 865]—

In an action to recover damages for personal injuries, etc., the

plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated March 24, 2010, as denied their motion to compel the defendant CVS Pharmacy, Inc., to permit their attorney and photographer to inspect and photograph the roof of the store where the accident allegedly occurred.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and the plaintiffs' motion to compel the defendant CVS Pharmacy, Inc., to permit their attorney and photographer to inspect and photograph the roof of the store where the accident allegedly occurred is granted.

Parties to an action are entitled to reasonable discovery of "any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). CPLR 3101 (a), which permits discovery of "all matter material and necessary in the prosecution or defense of an action," has thus been liberally construed to include evidence required for trial preparation as well as matter that may lead to the disclosure of admissible proof (*see Twenty Four Hour Fuel Oil Corp. v Hunter Ambulance*, 226 AD2d 175, 175-176 [1996]; *Keenan v Harbor View Health & Beauty Spa*, 205 AD2d 589 *Matter of Southampton Taxpayers Against Reassessment v Assessor of Vil. of Southampton*, 176 AD2d 795, 796 [1991]; *Shutt v Pooley*, 43 AD2d 59 [1973]). The plaintiffs demonstrated that an inspection by their attorney of the roof of the CVS store where the accident allegedly occurred would yield evidence that is "material and necessary" to the prosecution of this action (CPLR 3101 [a]). Furthermore, the defendant CVS Pharmacy, Inc., failed to establish that it would be unduly prejudiced or burdened if it were compelled to permit the inspection to take place (*see* CPLR 3103 [a]; *High Point of Hartsdale I Condominium v AOI Constr., Inc.*, 31 AD3d 711, 712 [2006]; *Marshall v Vyziak*, 40 AD2d 1051 [1972]; *J. Marcus & Sons v Federal Ins. Co.*, 24 AD2d 922 [1965]). Rivera, J.P., Florio, Dickerson, Hall and Roman, JJ., concur.