■ Francis Warin et al., Respondents, v Wildenstein & Co., Inc., et al., Appellants. [740 NYS2d 331] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered September 20, 2001, which, in a replevin action seeking recovery of certain artwork, insofar as appealed from, denied defendants' motion for summary judgment dismissing the complaint as time-barred, unanimously affirmed, with costs.

The motion court properly declined to take judicial notice of the subject French Ordinances for lack of information sufficient to enable it to determine their scope and effect (CPLR 4511 [b]). In particular, defendants' French law expert did not explain the interplay between the time limits in the Ordinances and those in the generally applicable French Civil Code, but instead simply opined that the action was time-barred under each of the possibly applicable French limitations periods. In addition, the expert did not provide any French jurisprudence interpreting the Ordinances, as he did with the Civil Code provisions, a gap that makes it impossible to decide, at this juncture, whether it was "substantively impossible" for plaintiffs' predecessor to comply with the time limits in the Ordinances. Assuming that the Ordinances supersede the Civil Code as both sides *appear to* contend, that the destruction of plaintiff's predecessor's records and his other claimed postwar circumstances rendered his compliance with the Ordinances' time limits substantively impossible, that the Ordinances ac-

cord an extension of time to sue good-faith possessors of artwork when compliance with their time limits was substantively impossible, and that defendants, as they contend, acquired the subject artwork in good faith, it could not be said that the action is untimely under either French or New York (*see,* CPLR 202; *Guggenheim Found. v Lubell,* 77 NY2d 311) law. The defense of laches is unavailable in this action at law (*see, Republic Ins. Co. v Real Dev. Co.,* 161 AD2d 189, 190). Concur—Mazzarelli, J.P., Saxe, Rosenberger, Ellerin and Marlow, JJ.