In the Matter of the Judicial Settlement of the Account of HSBC Bank U.S.A., Respondent, as Trustee under Agreement of Jesse T. Littleton, Dated March 21, 1960 for Joseph Cook Littleton, for the Period Covering October 7, 1966 to December 16, 2002. Barbara A. Littleton et al., Appellants; Clover Drinkwater et al., Respondents. [895 NYS2d 615]—

Appeal from a decree of the Surrogate's Court, Steuben County (Marianne Furfure, S.), entered February 13, 2009. The decree granted the motions of respondents and dismissed the petition seeking, inter alia, to set aside releases executed by petitioners with respect to the subject trust.

It is hereby ordered that the decree is unanimously affirmed without costs.

Memorandum: Petitioners appeal from a decree that dismissed the petition seeking, inter alia, "to vacate and set aside" all releases executed by petitioners with respect to a trust created by Jesse T. Littleton, who designated the predecessor of respondent HSBC Bank U.S.A. (HSBC) as trustee. The trust provided income to Jesse Littleton and his wife during their lifetimes and, thereafter, one fourth of the assets in the trust continued

for the benefit of their son. Upon the death of their son, one half of the trust assets continued for the benefit of his wife, petitioner Barbara A. Littleton, and one half of the trust assets continued for the benefit of his children, the remaining petitioners. The trust provided that the trustee had "absolute discretion" to retain "any stocks, bonds or other securities . . .[,] including securities of Corning Glass Works [Corning] and any successor or affiliate thereof," and that the trustee "shall not be or be held responsible for any loss or depreciation that may occur in the value [of those securities]." Upon settlement of the trust, an informal accounting containing the trust's complete transaction history was sent to petitioners' attorney, respondent Clover Drinkwater, a partner in the law firm of respondent Sayles & Evans (collectively, respondent law firm), and Drinkwater sent petitioners a receipt and release agreement. The accounting revealed significant declines in the value of Corning stock, which constituted more than 80% of the trust corpus. Petitioners signed their respective releases, which provided that HSBC was forever absolved of all liability for the handling of trust assets.

More than three years later, petitioners commenced this proceeding seeking to set aside the releases, and Surrogate's Court granted the motions of HSBC and respondent law firm to dismiss the petition. We affirm.

According to petitioners, HSBC and respondent law firm committed fraud by failing to disclose the possible legal effect of the accounting and the execution of the releases. Contrary to petitioners' contention, however, the petition fails to state a cause of action for fraud or constructive fraud against either HSBC or respondent law firm because it fails to make a "factually supported allegation" of misrepresentation (*Pope v Saget*, 29 AD3d 437, 441 [2006], *lv denied* 8 NY3d 803 [2007]; *see Simmons v Washing Equip. Tech.*, 51 AD3d 1390, 1391-1392 [2008]). We further conclude that the Surrogate properly determined that the breach of fiduciary claim against respondent law firm was, in essence, a claim for legal malpractice and thus was barred by the three-year statute of limitations (*see* CPLR 214 [6]; *Harris v Kahn, Hoffman, Nonenmacher & Hochman, LLP*, 59 AD3d 390 [2009]). Even assuming, arguendo, that the petition states a separate claim for breach of fiduciary duty against respondent law firm, we conclude that such claim arises from the same facts as those from which the legal malpractice claim arises, and thus the Surrogate properly dismissed that claim as duplicative of the legal malpractice claim (*see TVGA Eng'g, Surveying, P.C. v Gallick* [appeal No. 2], 45 AD3d 1252, 1256 [2007]).

Finally, we conclude that the Surrogate properly dismissed the breach of fiduciary duty claim against HSBC. HSBC fulfilled its fiduciary duty by providing petitioners with a full accounting of the trust, and petitioners failed to object to the accounting and executed releases waiving their rights against HSBC (*see Matter of Hunter*, 4 NY3d 260, 270-271 [2005]; *Matter of Schoenewerg*, 277 NY 424, 427-428 [1938]). Present—Scudder, P.J., Centra, Fahey and Green, JJ.