■ CARL BERG, Appellant, v EISNER LLP et al., Respondents. [941 NYS2d 616]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered February 28, 2011, which granted defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff claims that defendants committed accounting malpractice by failing to inform him of a possible tax election that would have allowed him to write off a large portion of his securities trading losses. Given the parties' accountant-client relationship, the scope of defendants' duty to plaintiff is no narrower than the terms of the parties' agreement, and may be broader, based on professional accounting standards (see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1, 8 [2008] [the attorney-client relationship is both contractual and inherently fiduciary]). The allegations that defendants provided plaintiff with tax planning advice concerning his trading income establish that the parties' agreement encompassed the election issue. These allegations also present the question whether defendants' failure to raise the election issue with plaintiff was a departure from professional accounting standards, which is a question that requires expert evidence for its resolution (see e.g. Menard M. Gertler, M.D., P.C. v Sol Masch & Co., 40 AD3d 282 [2007]).

Contrary to defendants' contention, plaintiff adequately pleaded proximate cause (see Fielding v Kupferman, 65 AD3d 437, 442 [2009]). Concur—Andrias, J.P., Friedman, Acosta and Richter, JJ.