# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1347**
**CA 14-00238**
PRESENT: CENTRA, J.P., FAHEY, VALENTINO, AND WHALEN, JJ.

---

BOARD OF TRUSTEES OF IBEW LOCAL 43 ELECTRICAL
CONTRACTORS HEALTH AND WELFARE, ANNUITY AND
PENSION FUNDS, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

D'ARCANGELO & CO., LLP, DEFENDANT-RESPONDENT.

---

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (STEVEN WARD WILLIAMS
OF COUNSEL), FOR PLAINTIFF-APPELLANT.

HURWITZ & FINE, P.C., BUFFALO (ANDREA SCHILLACI OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered October 2, 2013.  The order
granted the motion of defendant to dismiss the amended complaint and
dismissed the amended complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the motion in part and
reinstating the first cause of action, and as modified the order is
affirmed without costs.

Memorandum:  Plaintiff commenced this action against defendant
accounting firm seeking damages for money lost in investments
maintained directly or indirectly by Bernard Madoff and/or Bernard L.
Madoff Investment Securities, LLC.  Plaintiff hired defendant to audit
plaintiff's investment funds in 2007 and 2008.  Supreme Court granted
defendant's motion to dismiss the amended complaint on the ground
that, inter alia, plaintiff could not sufficiently plead the existence
of proximate cause because plaintiff's harm was too attenuated from
defendant's actions.

We agree with plaintiff that the court erred in dismissing the
first cause of action alleging professional malpractice, and we
therefore modify the order accordingly.  On a motion to dismiss a
complaint for failure to state a cause of action, we must "accept the
facts as alleged in the complaint as true, accord plaintiff[] the
benefit of every possible favorable inference, and determine only
whether the facts as alleged fit within any cognizable legal theory"
(*Leon v Martinez*, 84 NY2d 83, 87-88; *see 511 W. 232nd Owners Corp. v
Jennifer Realty Co.*, 98 NY2d 144, 152).  In making that determination,
a court may consider affidavits submitted by the parties (*see Leon*, 84

NY2d at 88; *Chaikovska v Ernst & Young, LLP*, 21 AD3d 1324, 1325), such as the expert affidavit that was submitted by plaintiff in this case.

"Accounting malpractice or professional negligence contemplates a failure to exercise due care and proof of a material deviation from the recognized and accepted professional standards for accountants and auditors, generally measured by [generally accepted accounting principles] and [generally accepted auditing standards (GAAS)] promulgated by the American Institute of Certified Public Accountants, which proximately causes damage to plaintiff" (*Cumis Ins. Socy. v Tooke*, 293 AD2d 794, 797-798; *see Berg v Eisner LLP*, 94 AD3d 496, 496). Here, plaintiff sufficiently alleged that defendant committed malpractice in not adhering to GAAS by, inter alia, failing to obtain a SAS 70 report, and that defendant's negligence proximately caused plaintiff to sustain damages (*see Sacher v Beacon Assoc. Mgt. Corp.*, 114 AD3d 655, 657). Although defendant contends that GAAS did not require it to obtain a SAS 70 report, it did not submit any evidence establishing that fact in support of its motion (*see generally C.P. Ward, Inc. v Deloitte & Touche LLP*, 74 AD3d 1828, 1829-1830; *Cumis Ins. Socy.*, 293 AD2d at 798), and we disagree with the court that such a determination could be made as a matter of law in the absence of such evidence (*see Berg*, 94 AD3d at 496). With respect to proximate cause, "[a]s a general rule, issues of proximate cause[, including superceding cause,] are for the trier of fact" (*Hahn v Tops Mkts., LLC*, 94 AD3d 1546, 1548 [internal quotation marks omitted], citing *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 312, *rearg denied* 52 NY2d 784; *see Bachmann, Schwartz & Abramson v Advance Intl.*, 251 AD2d 252, 253), and we see no basis to depart from that general rule in this case (*see Sacher*, 114 AD3d at 657). Plaintiff alleged that defendant should have obtained the SAS 70 report to confirm the existence and valuation of the funds' investments. Plaintiff further alleged that, had defendant done so, it would have discovered that it could not confirm the existence of those securities, and plaintiff could have redeemed its investments.

As an alternative ground for affirmance (*see generally Parochial Bus. Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546; *Hyatt v Young*, 117 AD3d 1420, 1421; *Summers v City of Rochester*, 60 AD3d 1271, 1273), we agree with defendant that the third through sixth causes of action should be dismissed as duplicative of the professional malpractice cause of action, including the causes of action for fraud (*see Long v Cellino & Barnes, P.C.*, 59 AD3d 1062, 1062), and breach of fiduciary duty (*see Matter of HSBC Bank U.S.A. [Littleton]*, 70 AD3d 1324, 1325, *lv denied* 14 NY3d 710; *Dischiavi v Calli* [appeal No. 2], 68 AD3d 1691, 1693). Those causes of action make the same allegations of wrongdoing as the professional malpractice cause of action and do not seek any different damages. The second cause of action for breach of contract was already dismissed by a federal court as duplicative of the professional malpractice cause of action, and plaintiff does not dispute that collateral estoppel bars that cause of action. We reject defendant's contention, however, that the professional malpractice cause of action, to the extent that it relies on the 2007 audit report, should

be dismissed as time-barred.  We conclude that plaintiff sufficiently pleaded that the continuous representation doctrine applies to toll the statute of limitations with respect to the 2007 audit report (*see Symbol Tech., Inc. v Deloitte & Touche, LLP*, 69 AD3d 191, 195-196).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court