# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**603**

**CA 14-01999**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

RICH PRODUCTS CORPORATION,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KENYON & KENYON, LLP,
DEFENDANT-RESPONDENT-APPELLANT.

---

HODGSON RUSS LLP, BUFFALO (ROBERT J. LANE, JR., OF COUNSEL), FOR
PLAINTIFF-APPELLANT-RESPONDENT.

HISCOCK & BARCLAY, LLP, BUFFALO (DENNIS R. MCCOY OF COUNSEL), FOR
DEFENDANT-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered June 19, 2014. The order granted in part defendant's motion for summary judgment and dismissed the first, second and fourth causes of action, and granted that part of plaintiff's cross motion for partial summary judgment on liability with respect to the third cause of action.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiff's cross motion in its entirety and as modified the order is affirmed without costs.

Memorandum: In this legal malpractice and breach of contract action, plaintiff appeals and defendant cross-appeals from an order that granted in part defendant's motion for summary judgment and dismissed the first, second and fourth causes of action, and granted that part of plaintiff's cross motion for partial summary judgment on liability with respect to the third cause of action. Plaintiff retained defendant to file and prosecute domestic and international patent applications for its invention of a nondairy pourable dessert product (hereafter, invention). Mexican authorities issued a patent for plaintiff's invention, but a Mexican competitor successfully obtained its invalidation seven years after issuance on the ground that the application was not filed within 30 months of the priority date, a decision that was upheld on appeal. Although defendant had also applied for a patent for plaintiff's invention in Colombia with the assistance of local counsel, the application was denied. Plaintiff commenced this action, asserting in the first and second causes of action of the amended complaint that defendant committed malpractice by "carelessly failing to timely file the Mexican national phase application of the invention" and breached its contract with

plaintiff by "failing to timely file the Mexican national phase application."  Plaintiff asserted in the third and fourth causes of action that defendant committed malpractice by "carelessly failing to file the proper documents in Colombia . . . and carelessly failing to timely file the additional required documents in Colombia," and that defendant breached its contract with plaintiff by "failing to file the proper documents in Colombia, and failing to timely file the additional required documents in Colombia."

We note at the outset that, although plaintiff's notice of appeal states, inter alia, that plaintiff is appealing from those parts of the order granting defendant's motion to the extent that it sought summary judgment dismissing the first, second and fourth causes of action, plaintiff did not raise any contention in its brief with respect to the dismissal of the fourth cause of action and thus has abandoned any contention with respect to that cause of action (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

Contrary to plaintiff's contention, Supreme Court properly granted defendant's motion with respect to the first cause of action because the record establishes that defendant did not commit legal malpractice at the time of the representation.  The patent was cancelled seven years after it was issued due to a retroactive change in Mexican law, and it is well settled that an attorney's representation is "measured at the time of representation" (*Darby & Darby v VSI Intl.*, 95 NY2d 308, 313).  In support of its motion, defendant submitted the affidavit of an expert on Mexican patent law establishing that the application was timely when it was filed.  We conclude that plaintiff failed to raise a triable issue of fact in opposition to that part of defendant's motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We further conclude that the court properly granted defendant's motion with respect to the second cause of action, for breach of contract, because it was duplicative of the malpractice cause of action (*see Long v Cellino & Barnes, P.C.*, 59 AD3d 1062, 1062).  We likewise conclude that the court properly denied plaintiff's motion for leave to serve a second amended complaint, because plaintiff sought only to add duplicative claims (*see generally Matter of HSBC Bank U.S.A. [Littleton]*, 70 AD3d 1324, 1325, *lv denied* 14 NY3d 710).

We agree with defendant on its cross appeal, however, that the court erred in granting that part of plaintiff's cross motion for partial summary judgment on liability on the third cause of action. Plaintiff failed to meet its initial burden with respect to that part of the cross motion, inasmuch as plaintiff failed to submit an affidavit from an expert on Colombian patent law concerning the interpretation of the Colombian legal documents and laws (*see Sea Trade Mar. Corp. v Coutsodontis*, 111 AD3d 483, 484-485; *Warin v Wildenstein & Co.*, 297 AD2d 214, 215; *Jann v Cassidy*, 265 AD2d 873, 874-875).  We therefore modify the order accordingly.

Entered:  May 8, 2015                              Frances E. Cafarell
                                                   Clerk of the Court