Darby Scott, Ltd. v Michael S. Libock & Co., LLC, CPAS (2022 NY Slip Op 06746)

Darby Scott, Ltd. v Michael S. Libock & Co., LLC, CPAS

2022 NY Slip Op 06746

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Gische, J.P., Kern, Gesmer, Rodriguez, Pitt, JJ. 

Index No. 653044/13 Appeal No. 16389 Case No. 2021-00433 

[*1]Darby Scott, Ltd., Plaintiff-Appellant,
v
Michael S. Libock & Co., LLC, CPAS et. al., Defendants-Respondents.

O'Hare Parnagian LLP, New York (Robert A. O'Hare, Jr. of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Mark K. Anesh of counsel), for respondents.

Order, Supreme Court, New York County (Robert D. Kalish, J.), entered on or about December 31, 2020, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
The record presents issues of fact as to whether the continuous representation doctrine applies to render plaintiff's accounting malpractice claim timely — namely, whether the work by defendants' representatives in September and October 2010 constituted a continuation of the services that are the subject of plaintiff's claim, or at least constituted related remedial services (see Regency Club at Wallkill, LLC v Appel Design Group, P.A., 112 AD3d 603, 606-607 [2d Dept 2013]; Ackerman v Price Waterhouse, 252 AD2d 179, 205 [1st Dept 1998]).
Issues of fact also exist as to whether defendants breached their duty to plaintiff (see Berg v Eisner LLP, 94 AD3d 496, 496 [1st Dept 2012]). Although the engagement letters executed by the parties stated that defendants would perform bookkeeping and administrative tasks, neither party has offered an authoritative definition of the scope of these tasks. Nor has either party eliminated issues of fact as to whether the agreed-upon services were performed in a manner consistent with professional accounting standards (id.). Thus, the record presents issues of fact as to the scope of the engagement letters, and whether defendants' alleged failure to notify plaintiff of recurring inventory and invoicing issues, or at least the full extent of those issues, constituted a breach of their duty (see Cumis Ins. Socy. v Tooke, 293 AD2d 794, 798 [3d Dept 2002]; cf. Italia Imports v Weisberg & Lesk, 220 AD2d 226, 226 [1st Dept 1995]).
Furthermore, issues of fact exist as to whether defendants proximately caused plaintiff's damages. Even if it was plaintiff's responsibility to track its inventory and implement internal controls, it is not clear as a matter of law whether at least some of plaintiff's losses could have been avoided if defendants had fulfilled their duty to report known inventory and invoicing irregularities to plaintiff (see DG Liquidation v Anchin, Block & Anchin, 300 AD2d 70 [1st Dept 2002]). Plaintiff was not required to offer conclusive proof of the exact amount of damages it suffered in order to defeat an award of summary judgment in defendants' favor.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022