Panorama Catering, Ltd. v Sherwood Suffolk Co. (2023 NY Slip Op 04599)

Panorama Catering, Ltd. v Sherwood Suffolk Co.

2023 NY Slip Op 04599

Decided on September 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-02812
 (Index No. 621375/17)

[*1]Panorama Catering, Ltd., etc., plaintiff-respondent,
v
Sherwood Suffolk Co., defendant-appellant.
In the Matter of Sherwood Suffolk Co., petitioner- appellant, 
v Panorama Catering, Ltd., etc., respondent- respondent, et al., respondent.

Hamburger & Yaffe, LLP, Huntington, NY (Richard Hamburger of counsel), for defendant-appellant/petitioner-appellant.
Gerard Glass & Associates, P.C., Babylon, NY, for plaintiff-respondent/respondent-respondent.

DECISION & ORDER
In a consolidated action, inter alia, to recover damages for breach of a lease, for specific performance of terms of the lease, and to enjoin the defendant/petitioner from terminating the lease based upon payment of rent by an entity other than the plaintiff/respondent after the first of the month, and summary holdover proceeding, the defendant/petitioner appeals from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated February 13, 2020. The order, insofar as appealed from, denied the defendant/petitioner's motion for summary judgment dismissing the complaint and on the petition, and granted that branch of the plaintiff/respondent's cross-motion which was to dismiss the petition insofar as asserted against it.
ORDERED that the appeal from so much of the order as denied that branch of the defendant/respondent's motion which was for summary judgment dismissing the cause of action to enjoin it from terminating the lease based upon payment of rent by an entity other than the plaintiff/respondent after the first of the month is dismissed as academic; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff/respondent.
On February 18, 2012, Panorama Catering, Ltd., as tenant (hereinafter the tenant), and Sherwood Suffolk Co., as landlord (hereinafter the landlord), executed a lease to premises in Lindenhurst to be used as a catering hall for a term of years. The lease provided that the rent was to be paid in monthly installments "in advance on the first day of each month," "drawn only on Tenant's account with a bank located in Nassau County or Suffolk County." A dispute between the landlord and the tenant arose in part because the tenant allegedly paid monthly rent after the first day of the month, with checks issued by Panorama International Contracting, Inc. (hereinafter Panorama Contracting), which was not the tenant.
In August 2017, the landlord served a notice of termination on the ground that the rent was paid by Panorama Contracting and not the tenant. In November 2017, the tenant commenced this action against the landlord, inter alia, to recover damages for breach of the lease, for specific performance of terms of the lease, and to enjoin the landlord from terminating the lease based upon payment of rent by an entity other than the tenant after the first of the month. The tenant then moved for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630) and secured a temporary restraining order that barred the landlord "from terminating [the tenant's] leasehold interest, or Lease, and from continuing, or commencing any summary or other proceeding to terminate or cancel the Lease, based upon the 3 day notice dated August 10, 2017, or payment of [the tenant's] rent by [Panorama Contracting]."
On January 30, 2018, the landlord commenced a summary holdover proceeding against the tenant and another respondent for a judgment of possession and a warrant of eviction based upon nonpayment of rent. The summary holdover proceeding was consolidated with the action by an order dated November 26, 2018.
Thereafter, the landlord moved, inter alia, for summary judgment dismissing the complaint and on the petition. The tenant cross-moved, inter alia, to dismiss the petition insofar as asserted against it. In an order dated February 13, 2020, the Supreme Court, among other things, denied the landlord's motion and granted that branch of the tenant's cross-motion which was to dismiss the petition insofar as asserted against it. The landlord appeals.
After the instant appeal had been perfected, the Supreme Court issued an order dated February 18, 2021, which, inter alia, upon reargument, in effect, vacated so much of the order dated February 13, 2020, as denied that branch of the landlord's motion which was for summary judgment dismissing the cause of action to enjoin it from terminating the lease based upon payment of rent by an entity other than the tenant after the first of the month and thereupon granted that branch of the motion. Therefore, the appeal from so much of the order dated February 13, 2020, as denied that branch of the landlord's motion must be dismissed as academic (see CPLR 5517[b]; Diaz v Trevisani, 164 AD3d 750).
The Supreme Court properly denied those branches of the landlord's motion which were for summary judgment dismissing the causes of action to recover damages. A plaintiff is not required to prove the amount of damages to defeat an award of summary judgment in the defendant's favor (see Darby Scott, Ltd. v Michael S. Libock & Co. LLC CPAs, 210 AD3d 582). In any event, damages are not an essential element of a cause of action sounding in breach of contract, and "nominal damages are recoverable to vindicate contract rights" (Perry v McMahan, 164 AD3d 1488, 1489-1490; see Ross v Sherman, 95 AD3d 1100).
The Supreme Court also properly granted that branch of the tenant's cross-motion which was to dismiss the petition insofar as asserted against it, since the commencement of the summary holdover proceeding violated the terms of the temporary restraining order, which barred termination of the "leasehold interest, or Lease."
The landlord's remaining contentions either are without merit or not properly before this Court.
IANNACCI, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court