335 E. 70th Realty Inc. v Potente (2025 NY Slip Op 51488(U))

[*1]

335 E. 70th Realty Inc. v Potente

2025 NY Slip Op 51488(U)

Decided on September 23, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 23, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570400/25

335 E. 70th Realty Inc., Petitioner-Landlord-Appellant,
against
Gerard Potente a/k/a Jerry Potente, Respondent-Tenant-Respondent, and "John Doe" and "Jane Doe," Respondents-Undertenants.

Landlord appeals from an order of the Civil Court of the City of New York, New York County (Yekaterina Blinova, J.), dated January 31, 2025, which denied its motion to dismiss tenant's counterclaim for attorneys' fees and granted tenant's cross-motion for discovery in a holdover summary proceeding.

Per Curiam.
Order (Yekaterina Blinova, J.), dated January 31, 2025, insofar as reviewed, affirmed, with $10 costs.
After the instant appeal had been perfected, Civil Court issued an order, dated February 19, 2025, which, upon reargument, granted landlord's motion to dismiss the counterclaim for attorneys' fees due to the absence of any lease agreement providing for attorneys' fees. Therefore, the appeal from so much of the order dated January 31, 2025, which denied landlord's motion to dismiss that counterclaim is dismissed as academic (see CPLR 5517 [b]; Panorama Catering, Ltd. v Sherwood Suffolk Co., 219 AD3d 1344, 1346 [2023]).
Absent an abuse of discretion, the trial court's supervision of disclosure should not be disturbed (see Mead v Benjamin, 201 AD2d 796 [1994]). Here, the conditional discovery/preclusion order regarding the two nonparty witnesses (see generally 542 E. 14th St. LLC v Lee, 66 AD3d 18, 23 [2009]), balanced the relevant factors and was a provident exercise of discretion (see Mautner-Glick Corp. v Higgins, 64 Misc 3d 16, 18-19 [App Term, 1st Dept 2019]). Although landlord argues that the nonparty witnesses are not under their control, "[f]airness dictates that, having taken such position, [landlord] not be allowed to maintain the [*2]option of simply producing the witness at trial to testify in their behalf if at a future time they should obtain control over [them], without first allowing" tenant the opportunity to depose them (Vera v Beth Israel Med. Ctr., 175 AD2d 716, 716 [1991]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 23, 2025