■ In the Matter of SOUTHAMPTON TAXPAYERS AGAINST REASSESSMENT et al., Appellants, v ASSESSOR OF THE VILLAGE OF SOUTHAMPTON et al., Respondents.—In an action for a

judgment declaring certain reassessments of real property in the Village of Southampton invalid, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cromarty, J.), dated February 8, 1990, as denied their motion for a protective order against notices to take depositions upon oral examination, a notice for discovery and inspection, and certain enumerated requests in the defendants' demand for a verified bill of particulars.

Ordered that the order is affirmed insofar as appealed from, with costs, the appellants' time to comply with the defendants' demand for a verified bill of particulars and notice for discovery and inspection is extended until 60 days after service upon them of a copy of this decision and order, with notice of entry, and the depositions shall be conducted at times and places to be set forth in written notices of at least 10 days, or at such times and places as the parties may agree.

On appeal, the plaintiffs maintain that the Supreme Court erred in denying their motion for a protective order because the disclosure sought by the defendants is not relevant to this action. We disagree. It is settled law that parties to an action are entitled to reasonable discovery of "any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" *(Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406; *Fell v Presbyterian Hosp.,* 98 AD2d 624).* CPLR 3101 (a), which permits discovery of "all evidence material and necessary in the prosecution or defense of an action", has thus been liberally construed to include evidence required for preparation for trial, as well as "testimony or documents which may lead to the disclosure of admissible proof" *(Fell v Presbyterian Hosp., supra,* at 625; *Shutt v Pooley,* 43 AD2d 59; *see also, Wind v Lilly & Co.,* 164 AD2d 885). The test is one of "usefulness and reason", and CPLR 3101 (a) should be construed to permit discovery of testimony " 'which is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable' " *(Allen v Crowell-Collier Publ. Co., supra,* at 406-407).

At bar, the defendants seek disclosure of documents relating to the value and ownership of the properties which the plaintiffs allege have been the subject of illegal and discriminatory assessments. Contrary to the plaintiffs' contentions, these issues are not immaterial to this action, since the plaintiffs will have to establish their standing to challenge the Village's assessments by proving that they have an ownership interest in the subject properties. Moreover, in view of the fact

that the relief sought by the plaintiffs includes a demand that the Village refund any portion of taxes attributable to illegal and unconstitutional assessments, consideration of the individual value of each plaintiff's parcel is material to a determination of the proper assessment of each parcel.

Further, the court properly directed the plaintiffs to comply with the defendants' demand for a bill of particulars to the best of their ability (see, Di Lorenzo v Ellison, 114 AD2d 926; Waldman v Allen, 87 AD2d 817). Kunzeman, J. P., Harwood, Eiber and Balletta, JJ., concur.