■ DEBRA R. WOLIN, Appellant, v ST. VINCENT'S HOSPITAL AND MEDICAL CENTER OF NEW YORK et al., Respondents. [757 NYS2d 33] —Order, Supreme Court, New York County (Jeffrey Atlas, J.), entered on or about February 13, 2002, which

granted defendants' motion for a protective order with respect to plaintiff's February 1, 2001 notice to take deposition, February 14, 2001 notice to take deposition and March 31, 2001 notice to admit, unanimously affirmed, without costs.

In this medical malpractice action, the motion court did not exceed its authority by issuing the order granting the protective orders after the matter had been administratively transferred to another judicial district. The transfer order did not become effective until it was duly entered on March 13, 2002. Thus, the motion court still retained the authority to decide defendants' motion when it did on January 29, 2002.

The motion court properly exercised its discretion by granting protective orders with respect to plaintiff's notices to take deposition since the information regarding the physician defendants' anesthesia privileges had already been disclosed and plaintiff failed to establish that the additional evidence she sought was relevant and necessary to issues to be decided at trial. Moreover, the court properly granted a protective order with regard to plaintiff's notice to admit since plaintiff was improperly using such device to limit the scope of disclosure rather than for its intended purpose—to resolve factual matters pertaining to the elements of her claim which will not be in dispute at trial (*see Taylor v Blair*, 116 AD2d 204 [1986]).

We have considered plaintiff's remaining contentions and find them to be unavailing. Concur—Mazzarelli, J.P., Sullivan, Lerner, Friedman and Gonzalez, JJ.