Keith Long, Appellant-Respondent, v Cellino & Barnes, P.C., et al., Respondents-Appellants, et al., Defendants. [873 NYS2d 805]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 30, 2007 in a legal malpractice action. The order, inter alia, granted in part and denied in part the cross motion of defendants Cellino & Barnes, P.C., The Barnes Firm, P.C., Stephen E. Barnes, Esq., Richard J. Barnes, Esq., and Ross M. Cellino, Jr., Esq. for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this legal malpractice action seeking damages resulting from, inter alia, the alleged negligence of defendants-respondents (defendants) in their representation of plaintiff in the underlying Labor Law and common-law negligence action. Defendants commenced the underlying action seeking damages for injuries sustained by plaintiff, an ironworker, when he fell approximately 20 feet to the ground from the mezzanine deck of a warehouse. Defendants failed, however, to commence the action against the correct general contractor and owner of the construction project within the statute of limitations, and they admit that such failure constituted negligence.

Contrary to plaintiff's contention, Supreme Court properly granted those parts of the first cross motion of defendants seeking summary judgment dismissing the breach of contract and fraud causes of action against them as duplicative of the malpractice cause of action. The breach of contract cause of action arises from the same facts and alleges the same damages as the malpractice cause of action (*see InKine Pharm. Co. v Coleman*, 305 AD2d 151, 152 [2003]). With respect to the fraud cause of action, defendants met their initial burden by establishing that plaintiff failed to allege fraud "premised upon one or more affirmative, intentional misrepresentations—that is, something more egregious than mere 'concealment or failure to disclose [defendants'] own malpractice' . . .—which have caused additional damages, separate and distinct from those generated by the alleged malpractice" (*White of Lake George v Bell*, 251 AD2d 777, 778 [1998], *appeal dismissed* 92 NY2d 947 [1998]; *see Tasseff v Nussbaumer & Clarke*, 298 AD2d 877, 878 [2002]). Plaintiff failed to raise a triable issue of fact in opposition to those parts of the first cross motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We further conclude that the court properly granted that part of defendants' second cross motion seeking summary judgment dismissing the claim for punitive damages. Plaintiff failed to "allege conduct that was directed to the general public or that evinced the requisite 'high degree of moral turpitude' or 'wanton dishonesty' to support a claim for punitive damages" (*Williams v Coppola*, 23 AD3d 1012, 1013 [2005], *lv dismissed* 7 NY3d 741 [2006], quoting *Walker v Sheldon*, 10 NY2d 401, 405 [1961]). The court also properly exercised its discretion in granting that part of the second cross motion for a protective order precluding plaintiff from deposing defendants. Defendants admitted their negligence, and plaintiff failed to establish that the additional evidence he sought was relevant and necessary to the issues to be determined at trial (*see generally Wolin v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 304 AD2d 348 [2003]).

Contrary to the contention of defendants on their cross appeal, the court properly denied that part of the first cross motion seeking summary judgment dismissing the malpractice cause of action. Defendants' own submissions raise triable issues of fact whether plaintiff would have succeeded in the underlying action absent defendants' negligence (*see generally Phillips v Moran & Kufta, P.C.*, 53 AD3d 1044 [2008]). Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.