# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**561**
**CA 10-01314**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GREEN, JJ.

---

CLARENCE F. RIORDAN AND JEANNIE RIORDAN,
PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

CELLINO & BARNES, P.C., THE BARNES
FIRM, P.C., AND MICHAEL J. COOPER,
DEFENDANTS-RESPONDENTS.

---

PAUL WILLIAM BELTZ, P.C., BUFFALO (DEBRA A. NORTON OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

HURWITZ & FINE, P.C., BUFFALO (JODY E. BRIANDI OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered November 20, 2009 in a legal malpractice action. The order, among other things, granted that part of defendants' motion seeking a protective order.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of defendants' motion seeking a protective order and as modified the order is affirmed without costs.

Memorandum:  Plaintiffs commenced this legal malpractice action seeking damages allegedly resulting from the negligence of defendants in their representation of Clarence F. Riordan (plaintiff) in the underlying Labor Law and common-law negligence action.  Plaintiff commenced the underlying action seeking damages for injuries that he sustained when he was working on the reconstruction of a school building in East Rochester.  Defendants, however, failed to serve a timely notice of claim against East Rochester Schools (*see Matter of Riordan v East Rochester Schools*, 291 AD2d 922, *lv denied* 98 NY2d 603), and a jury returned a verdict of no cause of action with respect to plaintiff's claims against the remaining defendant in the underlying action.  Defendants admit that they were negligent in failing to serve the notice of claim in a timely manner, but they contend that they are not liable for legal malpractice on the ground that the underlying action against East Rochester Schools has no merit.

Plaintiffs served a notice seeking to take the depositions of two attorneys employed by defendants Cellino & Barnes, P.C. and The Barnes

Firm, P.C. and who represented plaintiff in the underlying action, and defendants moved for, inter alia, a protective order in response to such notice. Relying upon our decision in *Long v Cellino & Barnes, P.C.* (59 AD3d 1062, 1063), Supreme Court granted that part of the motion seeking a protective order. We agree with plaintiffs, however, that they are entitled to depose the attorneys who represented plaintiff in the underlying action for approximately eight years, despite defendants' admission of negligence. We therefore modify the order accordingly. We further conclude that, to the extent that our decision in *Long* holds otherwise, it is no longer to be followed.

Pursuant to CPLR 3101 (a) (1), "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action . . . by a party[] or . . . employee of a party . . . ." That provision has been liberally construed to permit discovery "of any facts bearing on the controversy [that] will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406; *see Montalvo v CVS Pharmacy, Inc.*, 81 AD3d 611; *Matter of Southampton Taxpayers Against Reassessment v Assessor of Vil. of Southampton*, 176 AD2d 795, 796). "The test is one of usefulness and reason, and CPLR 3101 (a) should be construed to permit discovery of testimony [that] is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable" (*Southampton Taxpayers Against Reassessment*, 176 AD2d at 796 [internal quotation marks omitted]). The depositions sought by plaintiff satisfy that test, and defendants failed to meet their burden of making an "appropriate factual showing" that they are entitled to a protective order limiting discovery (*Willis v Cassia*, 255 AD2d 800, 801; *see State of New York v General Elec. Co.*, 215 AD2d 928, 929).

Entered:  May 6, 2011                                    Patricia L. Morgan
                                                         Clerk of the Court