*486 Orders, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered November 15, 2011 and July 16, 2012, which, insofar as appealed from as limited by the briefs, upon defendants’ motions to dismiss the complaint and for summary judgment, denied the motions as to the third, fourth, and sixth causes of action, unanimously modified, on the law, to dismiss all claims against defendant Brookes, and otherwise affirmed, without costs.
The motion court properly determined that plaintiff had standing to assert its claims for unfair competition (third cause of action), misappropriation of trade secrets (fourth cause of action), and tortious interference with prospective business relationships and economic advantage (sixth cause of action). Defendant Power allegedly misappropriated substantial client information from her former employer (Pisa Brothers) prior to resigning and going to work for the corporate defendant (Altour), a competitor travel agency. Power, with Altour’s authorization, allegedly utilized Pisa Brother’s customer lists to, inter alia, promptly notify prior customers she serviced at her former employment of her new association with Altour. She also allegedly used Pisa Brothers’ client information to cause a transfer of existing vacation bookings, from Pisa Brothers to Altour, which had the effect of transferring earned commissions.
Plaintiffs allegations, which are supported by evidence in the record, assert a cognizable stake to its claim for damages, as well as continuing damages, arising from defendants’ conduct (see generally Community Bd. 7 of Borough of Manhattan v Schaffer, 84 NY2d 148, 154-155 [1994]). The evidence raises factual issues as to whether Power deceptively removed client lists and copies of client folders, and transferred client bookings at Pisa Brothers to Altour, resulting in damages to plaintiff, which purchased Pisa Brothers’ business only months after the purchase-sale negotiations commenced. The evidence demonstrates that plaintiff potentially lost value to the business assets purchased, in the form of lost commissions, lost “over-ride” bonus money, and an apparent loss of good will of Pisa Brothers’ clients.
The argument that Power was not under plaintiffs employ at any time, and was not subject to noncompetition agreements, or other written policies governing the use of client information at Pisa Brothers, does not undermine plaintiffs evidence that it purchased Pisa Brothers’ client information, good will and trade name, and that the client information at Pisa Brothers was not *487 readily available, and was deceptively removed by Power to the advantage of Altour and to plaintiffs likely financial injury.
The motion court correctly found that a triable issue existed as to whether Pisa Brothers’ compilation of client lists over an 80-year period, along with folders containing clients’ personal information, after years of advertising and assisting clients, constituted trade secrets, which plaintiff paid good value to purchase (see Ashland Mgt. v Janien, 82 NY2d 395, 407 [1993]). The misappropriated Pisa Brothers client information was not readily known, or available in the cruise trade industry, and as defendants’ own conduct substantiates, such information was discoverable only through their deceptive efforts (see Stanley Tulchin Assoc. v Vignola, 186 AD2d 183, 185 [2d Dept 1992]).
The evidence also raises factual issues to support the cause of action alleging that defendants engaged in unfair competition by misappropriating client information plaintiff had negotiated to purchase from Pisa Brothers, and using it to defendants’ commercial advantage (see Electrolux Corp. v Val-Worth, Inc., 6 NY2d 556, 567-568 [1959]; ITC Ltd. v Punchgini, Inc., 9 NY3d 467, 476-478 [2007]).
Triable issues of fact exist in connection with plaintiffs sixth cause of action alleging that defendants had utilized Pisa Brothers’ misappropriated client information to tortiously interfere with plaintiffs prospective business relationships with the former clients of Pisa Brothers, as well as with the economic advantage plaintiff had sought to gain by paying good value to purchase Pisa Brothers’ client information and good will. While the cause of action entails a higher standard for culpable conduct than would a claim for tortious interference with contract, inasmuch as a plaintiff must set forth that the claimed interference constituted a crime or an independent tort (see Carvel Corp. v Noonan, 3 NY3d 182 [2004]), here, there was evidence of intentional, wrongful acts by defendants, including evidence suggesting that Pisa’s computers were hacked and that client signatures were forged by Power on booking-transfer documents.
On plaintiffs concession, we dismiss the action against Nancy Brookes.
We have considered defendants’ remaining arguments and find them unavailing. Concur—Friedman, J.P, Richter, Feinman, Gische and Clark, JJ.