■ BUFFAMANTE WHIPPLE BUTTAFARO, CERTIFIED PUBLIC AC-COUNTANTS, P.C., Appellant, v KELLY A. DAWSON, Defendant, and JOHN S. TRUSSALO, CERTIFIED PUBLIC ACCOUNTANTS, P.C., Respondent. (Appeal No. 1.) [988 NYS2d 341]—

Appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered December 5, 2012. The or-der, insofar as appealed from, denied in part the motion of plaintiff to compel discovery.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs and plaintiff's motion is granted in its entirety.

Memorandum: Plaintiff, a public accounting firm, executed an asset purchase agreement (agreement) with another public accounting firm, Lloyd and Company C.P.A., P.C. (Lloyd), that contained covenants by the shareholders of Lloyd that they would not solicit specified clients of plaintiff. The agreement also contemplated that plaintiff would thereafter employ Lloyd shareholders, and defendant Kelly A. Dawson, a Lloyd share-holder, entered into an employment agreement with plaintiff that included a provision that she would continue to be bound by the nonsolicitation covenants in the agreement. Dawson thereafter left plaintiff's employ to work for defendant John S. Trussalo, Certified Public Accountants, P.C. (Trussalo), a competitor of plaintiff.

Plaintiff commenced this action alleging, among other things, that Dawson solicited certain clients in violation of the agree-ment. The complaint alleges causes of action for breach of the agreement by Dawson and unfair competition and tortious interference with contract by Trussalo. In appeal No. 1, plaintiff

appeals from an order that denied in part its motion to compel disclosure and, in appeal No. 2, plaintiff appeals from an order that granted Trussalo's motion seeking summary judgment dismissing the complaint against it.

In appeal No. 1, we agree with plaintiff that Supreme Court abused its discretion in denying in part plaintiff's motion inasmuch as the disclosure sought was "material and necessary" for the prosecution of plaintiff's action (CPLR 3101 [a]; *see Riordan v Cellino & Barnes, P.C.*, 84 AD3d 1737, 1738-1739 [2011]). Contrary to the contention of Trussalo, the information regarding the identities of its clients is not privileged in these circumstances (*see First Interstate Credit Alliance v Andersen & Co.*, 150 AD2d 291, 292 [1989]), and Trussalo failed to establish that the information sought constitutes a trade secret (*see Mann v Cooper Tire Co.*, 33 AD3d 24, 30 [2006], *lv denied* 7 NY3d 718 [2006], *rearg denied* 8 NY3d 956 [2007]). We therefore conclude that the court should have granted plaintiff's motion in its entirety.

In appeal No. 2, we conclude that the court erred in granting Trussalo's motion seeking summary judgment dismissing the complaint against it. At the time of the motion, Trussalo had not complied with the order in appeal No. 1 insofar as it had granted plaintiff's motion to compel disclosure in part. Thus, summary judgment was premature inasmuch as information necessary to oppose the motion remained within Trussalo's exclusive knowledge (*see* CPLR 3212 [f]; *Yu v Forero*, 184 AD2d 506, 507-508 [1992]). We further conclude that, in any event, Trussalo's own submissions raise triable issues of fact whether it intentionally interfered with the agreement between plaintiff and Dawson (*see Lawley Serv., Inc. v Progressive Weatherproofing, Inc.*, 30 AD3d 977, 978 [2006]), or engaged in unfair competition with plaintiff (*see Mitzvah Inc. v Power*, 106 AD3d 485, 487 [2013]). Present—Scudder, P.J., Centra, Carni, Sconiers and Whalen, JJ.