# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

436
CA 13-00588
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND WHALEN, JJ.

BUFFAMANTE WHIPPLE BUTTAFARO, CERTIFIED
PUBLIC ACCOUNTANTS, P.C., PLAINTIFF-APPELLANT,

V                                           MEMORANDUM AND ORDER

KELLY A. DAWSON, DEFENDANT,
AND JOHN S. TRUSSALO, CERTIFIED PUBLIC
ACCOUNTANTS, P.C., DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

PHILLIPS LYTLE LLP, BUFFALO (CRAIG R. BUCKI OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

SPOTO, SLATER & SIRWATKA, JAMESTOWN (KEVIN J. SIRWATKA OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Chautauqua County
(James H. Dillon, J.), entered December 5, 2012.  The order, insofar
as appealed from, denied in part the motion of plaintiff to compel
discovery.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs and plaintiff's motion
is granted in its entirety.

Memorandum:  Plaintiff, a public accounting firm, executed an
Asset Purchase Agreement (Agreement) with another public accounting
firm, Lloyd and Company C.P.A., P.C. (Lloyd), that contained covenants
by the shareholders of Lloyd that they would not solicit specified
clients of plaintiff.  The Agreement also contemplated that plaintiff
would thereafter employ Lloyd shareholders, and defendant Kelly A.
Dawson, a Lloyd shareholder, entered into an employment agreement with
plaintiff that included a provision that she would continue to be
bound by the non-solicitation covenants in the Agreement.  Dawson
thereafter left plaintiff's employ to work for defendant John S.
Trussalo, Certified Public Accountants, P.C. (Trussalo), a competitor
of plaintiff.

Plaintiff commenced this action alleging, among other things,
that Dawson solicited certain clients in violation of the Agreement.
The complaint alleges causes of action for breach of the Agreement by
Dawson and unfair competition and tortious interference with contract
by Trussalo.  In appeal No. 1, plaintiff appeals from an order that
denied in part its motion to compel disclosure and, in appeal No. 2,

plaintiff appeals from an order that granted Trussalo's motion seeking summary judgment dismissing the complaint against it.

In appeal No. 1, we agree with plaintiff that Supreme Court abused its discretion in denying in part plaintiff's motion inasmuch as the disclosure sought was "material and necessary" for the prosecution of plaintiff's action (CPLR 3101 [a]; *see Riordan v Cellino & Barnes, P.C.*, 84 AD3d 1737, 1738-1739).  Contrary to the contention of Trussalo, the information regarding the identities of its clients is not privileged in these circumstances (*see First Interstate Credit Alliance v Andersen & Co.*, 150 AD2d 291, 292), and Trussalo failed to establish that the information sought constitutes a trade secret (*see Mann v Cooper Tire Co.*, 33 AD3d 24, 30, *lv denied* 7 NY3d 718, *rearg denied* 8 NY3d 956).  We therefore conclude that the court should have granted plaintiff's motion in its entirety.

In appeal No. 2, we conclude that the court erred in granting Trussalo's motion seeking summary judgment dismissing the complaint against it.  At the time of the motion, Trussalo had not complied with the order in appeal No. 1 insofar as it had granted plaintiff's motion to compel disclosure in part.  Thus, summary judgment was premature inasmuch as information necessary to oppose the motion remained within Trussalo's exclusive knowledge (*see* CPLR 3212 [f]; *Yu v Forero*, 184 AD2d 506, 507-508).  We further conclude that, in any event, Trussalo's own submissions raise triable issues of fact whether it intentionally interfered with the Agreement between plaintiff and Dawson (*see Lawley Serv., Inc. v Progressive Weatherproofing, Inc.*, 30 AD3d 977, 978), or engaged in unfair competition with plaintiff (*see Mitzvah Inc. v Power*, 106 AD3d 485, 487).

Entered:  June 13, 2014                          Frances E. Cafarell
                                                 Clerk of the Court