Sparks v Focus 1 LLC (2018 NY Slip Op 04202)





Sparks v Focus 1 LLC


2018 NY Slip Op 04202


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


683 CA 18-00108

[*1]NICHOLAS SPARKS, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF HUNTER SPARKS, AN INFANT, PLAINTIFF-RESPONDENT,
v
FOCUS 1 LLC, DEFENDANT-APPELLANT, SANDRA CHIAPPONE, MARTIN CHIAPPONE, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 






GOERGEN, MANSON & MCCARTHY, BUFFALO (KELLY J. PHILIPS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CAMPBELL & ASSOCIATES, EDEN (R. COLIN CAMPBELL OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 
BARCLAY DAMON LLP, BUFFALO (THOMAS A. DIGATI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Niagara County (Daniel Furlong, J.), entered April 11, 2017. The order denied the motion of defendant Focus 1 LLC for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by his infant son (child) when the child fell from a wooden platform located in a tree. At the time of the incident, the child lived with plaintiff in a mobile home park owned by defendant Focus 1 LLC (Focus). Focus maintained a playground on the northern portion of its property, next to which were trails and a wooded area that began on Focus's property and continued onto the adjacent property owned by defendants Sandra Chiappone and Martin Chiappone. Thus, portions of the trails and wooded area were located on both Focus's property and the Chiappones's property.
Before depositions were conducted, Focus moved for summary judgment dismissing the complaint and all cross claims against it on the grounds that it did not own the land where the elevated platform was located and did not create or contribute to the condition that caused the child's accident. Supreme Court denied the motion without prejudice to renew, and we affirm.
We agree with plaintiff that the motion is premature because discovery has not been completed and thus "information necessary to oppose the motion[, particularly with respect to whether Focus created or contributed to the dangerous condition,] remained within [Focus's] exclusive knowledge" (Buffamante Whipple Buttafaro, Certified Public Accountants, P.C. v Dawson, 118 AD3d 1283, 1284 [4th Dept 2014]; see CPLR 3212 [f]; see generally Singh v Avis Rent A Car Sys., Inc., 119 AD3d 768, 770 [2d Dept 2014]). Moreover, we note that Focus failed to meet its initial burden of establishing that it did not own the property where the accident occurred inasmuch as Focus did not submit an affidavit from anyone with personal knowledge whether the site of the accident was actually located on Focus's property (see generally CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 562-563 [1980]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court