# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
District of St. Thomas/St. John

Melissa Luterek,

           Plaintiff

v.

Schneider Regional Medical Center et al,
           Defendant.

Case Number: ST-2017-CV-00345

Action: **Damages**

## NOTICE of ENTRY
## of
## Memorandum Opinion

**To:** Julie German Evert, Esquire      Royette V. Russell, Esquire
     Lee J. Rohn, Esquire            Superior Court Magistrates & Judges
      General Counsel              Clerk of the Superior Court

**Please take notice that on March 21, 2022**
a(n)                **Memorandum Opinion**
        **dated**       **March 18, 2022**      **was entered**
       **by the Clerk in the above-titled matter.**

**Dated:** March 21, 2022

                             **Tamara Charles**
                             **Clerk of the Court**
By:

                             **Audrey C. Brin**
                             **Court Clerk II**

MELISSA LUTEREK Individually and as
the Special Administratrix of the ESTATE
OF PETER DARIUSZ LUTEREK,
Deceased,

      Plaintiffs,

    v.

SCHNEIDER REGIONAL MEDICAL
CENTER, MARTHA JANE STEWART,
M.D., EILEEN Mc NALLY. RN. MICHELLE
SHIEL, RN, TRIPLE-S SALUD, INC.
d/b/a BLUE CROSS BLUE SHIELD OF
THE VIRGIN ISLANDS, and JOHN
DOE/JANE DOE and ABC, CORP.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. ST-17-CV-00345

ACTION FOR DAMAGES

**JURY TRIAL DEMANDED**

2022 VI Super 35U

**JULIE GERMAN EVERT, ESQ.**
Concierge Law Group, PLLC
5043 Norre Gade, Suite 6
St. Thomas, V.I. 00802
*Attorneys for Plaintiff*

**LEE J. ROHN, ESQ.**
Lee J. Rohn and Associates, LLC
1108 King Street
56 King Street, Third Floor
St. Croix, V.I. 00820
*Attorneys for Plaintiff*

**ROYETTE V. RUSSELL, ESQ.**
Assistant Attorney General
V.I. Department of Justice
213 Estate LaReine
Kingshill, V.I. 00850
*Attorneys for Defendant*

**CARTY, RENÉE GUMBS**, Judge

## MEMORANDUM OPINION

¶1    **BEFORE THIS COURT** is Plaintiff's, Melissa Luterek ("Luterek"), "Motion to Compel Schneider Regional Medical Center to Supplement its Responses [to] Plaintiff's Demand for Production of Documents" filed on June 9, 2021. Defendant, Schneider Regional Medical Center

*Melissa Luterek Individually and as Special Administratrix of the Estate*  2022 VI Super 35U
*of Peter Dariusz Luterek, Deceased v. Schneider Regional Medical Center, et al.*
Case No. ST-17-CV-345
Memorandum Opinion

("SRMC"), filed their opposition on June 23, 2021, and Luterek filed her reply on July 8, 2021.

Luterek also filed a motion to compel SRMC to supplement their responses to her interrogatory

requests. To date, SRMC has not filed a response.[1]

## I.   STANDARD OF REVIEW

¶2   Under V.I. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense. Information within this scope

of discovery need not be admissible in evidence to be discoverable." *Cruz v. V.I. Water & Power

Auth.*, No. ST-15-CV-491, 2020 V.I. LEXIS 45, at *1 (Super. Ct. Jan. 14, 2020); *Donastorg v.

Walker*, No. ST-17-CV-393, 2019 V.I. LEXIS 66, *5 (V.I. Super. Ct. July 11, 2019). Under the

standard provided by Virgin Islands Rules of Evidence Rule 401, the court determines what

information is relevant. *See Donastorg*, 2019 V.I. LEXIS 66 at *5-6 (defining relevant information

as information which has the "tendency to make the existence of any fact that is of consequence

to the determination of the action more or less probable than it would be without [it].").

¶3   A party may move to compel discovery under V.I. R. Civ. P. 37(a)(1) only if the party

served fails to make all necessary disclosures as required by V.I. R. Civ. P. 33. However, the

movant must include a certification that they have conferred, or attempted to confer, with the

opposing party failing to disclose material in an effort to obtain said information without court

action. V.I. R. Civ. P. 37(a)(1). Counsel must demonstrate a "good faith effort" to meet and confer

before moving to compel discovery. *See* V.I. R. Civ. P. 37-1.

---

[1] On June 10, 2021, Luterek filed her "Motion to Compel Schneider Regional Medical Center to Supplement its Responses [to] Plaintiff's Interrogatory Requests." An Order granting Luterek's motion regarding her interrogatories has been issued under separate cover.

*Melissa Luterek Individually and as Special Administratrix of the Estate*            2022 VI Super 35U
*of Peter Dariusz Luterek, Deceased v. Schneider Regional Medical Center, et al.*
Case No. ST-17-CV-345
Memorandum Opinion

## II.    FACTUAL AND PROCEDURAL HISTORY

¶4    On July 18, 2016, Peter Dariusz Luterek ("Peter"), was scheduled for a cardiac catheterization procedure at SRMC. During the procedure, co-defendant Martha Jane Stewart, M.D., allegedly caused Peter to develop a subarachnoid hemorrhage, or bleeding in the brain. Thereafter, Peter required evacuation to Florida to undergo emergency surgery, but he could not depart until coverage through his insurer, co-defendant Triple S-Salud, Inc. d/b/a Blue Cross Blue Shield of the Virgin Islands, was confirmed. When coverage was finally confirmed and Peter was transported to Florida for his emergency treatment, Florida physicians stated it was too late to perform the operation. As a result, Peter Luterek subsequently passed away on July 20, 2016.

¶5    Melissa Luterek ("Luterek"), individually and as the special administratrix of the estate of Peter Dariusz Luterek, commenced this action on August 1, 2017. On January 22, 2021, Luterek sent a letter to SRMC requesting they respond to unanswered interrogatories and demands for productions within ten (10) days. Pl.'s Ex. 2. On April 27, 2021, Luterek informed SRMC certain responses to her discovery requests were insufficient. Pl.'s Ex. 3. SRMC supplemented their answers, but on May 6, 2021, Luterek again told SRMC that certain responses to discovery were insufficient. Pl.'s Ex. 4. On May 18, 2021, Luterek sent an email to SRMC requesting the supplemental discovery responses or, alternatively, dates to meet and confer. Pl.'s Ex. 5. After receiving no response, Luterek filed the instant motion. The Court record reflects the communications and a good faith effort made by Luterek for a meet and confer with SRMC. As such, the Court finds that Luterek satisfied the meet and confer requirement.

¶6    On June 9, 2021, Luterek moved to compel SRMC to supplement their responses to her Demands for Production Nos. 3, 4, 5, 6, 7, 8, 9, 10, 14, 19, 20, 22, 29, 30, 31, 32, 34, 37, 39, 47, 51, 58, 59, 60, 62, and 63. In their opposition, SRMC contests the supplementation of fifteen (15)

*Melissa Luterek Individually and as Special Administratrix of the Estate*      2022 VI Super 35U
*of Peter Dariusz Luterek, Deceased v. Schneider Regional Medical Center, et al.*
Case No. ST-17-CV-345
Memorandum Opinion

of Luterek's Demands for Production, namely Nos. 3, 4, 5, 6, 7, 8, 9, 10, 14, 20, 22, 29, 30, 31, and 32. As to the undisputed demands, the Court will summarily order responses within a period of thirty (30) days, if they have not been supplemented at the time of this writing. Accordingly, the Court will now focus on the disputed demands for production.

### III.   ANALYSIS

DEMAND FOR PRODUCTION NO. 3

*Demand for Production No. 3 states:*

Produce a complete copy of the audit trail for Peter Dariusz Luterek.

*Response to Demand for Production No. 3 states:*

Objection. This request is overly burdensome and redundant. Plaintiff is in possession of Luterek's entire medical record.

*Supplemental Response to Demand for Production No. 3 states:*

Defendant stands on its prior response.

¶7     In her Demand for Production No. 3, Luterek requests a copy of the "audit trail" for Peter Darius Luterek.[2] SRMC opposes, arguing the audit trail is "not part of a patient's regular medical record," and "metadata is not routinely produced unless the requesting party shows good cause." Def.'s Opp'n. (citing *Aguilar v. Immigration & Customs Enf't Div.*, 255 F.R.D. 350, 352 (S.D.N.Y. 2008). The Court disagrees.

¶8     The measure for whether information is discoverable is determined by the relevancy of such information. *See Donastorg*, 2019 V.I. LEXIS 66 at *5-6. The audit trail for Peter Dariusz Luterek provides critical information of when, and by whom, his records were accessed or

---

[2] An "audit trail" is a form of metadata created as a function of the medical provider's computerization of medical records. *Gilbert v. Highland Hosp.*, 31 N.Y.S.3d 397, 399 (Sup. Ct. Mar. 24, 2016). Metadata is defined as the "information describing the history, tracking, or management of an electronic document." *EMR Metadata Uses and E-Discovery*, 18 Ann. Health L. 75, 78.

*Melissa Luterek Individually and as Special Administratrix of the Estate*     2022 VI Super 35U
*of Peter Dariusz Luterek, Deceased v. Schneider Regional Medical Center, et al.*
Case No. ST-17-CV-345
Memorandum Opinion

reviewed. Such information is relevant and may lead to the discovery of additional relevant information or witnesses. *Deasy v. Upmc Health Sys.*, 2015 Pa. Dist. & Cnty. Dec. LEXIS 22627, *6 (Pa. Dist. Aug. 23, 2015). Furthermore, an audit trail is created in the natural course of business and is not protected by any privilege. *Hall v. Flannery*, No. 3:13-cv-914-SMY-DGW, 2015 U.S. Dist. LEXIS 57454, at *11 (S.D. Ill. May 1, 2015) ("The audit trail is not created in anticipation of litigation; it is a part of the electronic medical record and is automatically generated as a function of the program. It does not implicate the 'core of attorney work product,' the "'mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.'"). Moreover, because metadata is generated automatically, a party should have no issues producing specific data requested by the opposing party. *See generally EMR Metadata Uses and E-Discovery*, 18 Ann. Health L. 75. Thus, the Court will **ORDER** SRMC to produce a complete copy of the audit trail for Peter Dariusz Luterek.

## DEMANDS FOR PRODUCTION NOS. 4, 5, and 6

*Demand for Production No. 4 states:*

> Produce the personnel file of Co-Defendant Martha Jane Stewart, including, but not limited to, all contracts, agreements, conditions of employment, employee handbook, evaluations, disciplinary actions, commendations and documents reflecting benefits and allowances.

*Response to Demand for Production No. 4 states:*

> Objection. Personnel documents are protected from disclosure. But see Defendant Stewart's CV, License, Degrees and Certificates attached as Bates Nos. MS000001-MS000008.

*Supplemental Response to Demand for Production No. 4 states:*

> Defendant stands on its prior response.

*Melissa Luterek Individually and as Special Administratrix of the Estate*　　2022 VI Super 35U
*of Peter Dariusz Luterek, Deceased v. Schneider Regional Medical Center, et al.*
Case No. ST-17-CV-345
Memorandum Opinion

*Demand for Production No. 5 states:*

Produce the personnel file of Co-Defendant Michelle Shiel, including, but not limited to, all contracts, agreements, conditions of employment, employee handbook, evaluations, disciplinary actions, commendations and documents reflecting benefits and allowances.

*Response to Demand for Production No. 5 states:*

Objection. Personnel documents are protected from disclosure. But see Defendant Shiel's CV, License, Degrees and Certificates attached as Bates Nos. GVI000355-GVI000364.

*Supplemental Response to Demand for Production No. 5 states:*

Defendant stands on its prior response

*Demand for Production No. 6 states:*

Produce the personnel file of Co-Defendant Eileen McNally, including, but not limited to, all contracts, agreements, conditions of employment, employee handbook, evaluations, disciplinary actions, commendations and documents reflecting benefits and allowances.

*Response to Demand for Production No. 6 states:*

Objection. Personnel documents are protected from disclosure. See CV and Degrees attached as GVI000365-GVI000369.

*Supplemental Response to Demand for Production No. 4 states:*

Defendant stands on its prior response.

¶9　　Luterek's Demands for Production Nos. 4, 5, and 6, seek the personnel files from individual co-defendants. SRMC challenges Luterek's request and argues the personnel files from each co-defendant is confidential and not subject to discovery. First, the law is unambiguous; the Virgin Islands Code states personal information in confidential personnel records is kept confidential unless ordered by a court to release such information. 3 V.I.C. § 881(g)(10). Second, information such as qualifications, quality of employee training, and disciplinary actions are relevant to Luterek's allegation of negligent hiring. Luterek has the right to know of SRMC's knowledge of

*Melissa Luterek Individually and as Special Administratrix of the Estate*   2022 VI Super 35U
*of Peter Dariusz Luterek, Deceased v. Schneider Regional Medical Center, et al.*
Case No. ST-17-CV-345
Memorandum Opinion

prior negligent claims against Martha Jane Stewart or to determine if SRMC negligently supervised Martha Jane Stewart. Similarly, Luterek has the right to know SRMC's knowledge of prior negligent claims against both Eileen McNally and Michelle Shiel and to investigate their qualifications, training, and any disciplinary actions against them. As such, the Court will **ORDER** SRMC to produce a redacted copy of the personnel files of the co-defendants, including employee evaluations, disciplinary actions, and other conditions related to employment.

DEMANDS FOR PRODUCTION NOS. 7, 8, 9, 10, and 14

*Demand for Production No. 7 states:*

Produce all documents and/or communications from the Medical Staff Quality Committee concerning Co-Defendant Martha Jane Stewart.

*Response to Demand for Production No. 7 states:*

Objection. This information is protected from disclosure pursuant to 19 V.I.C. sec. 248(b). None.

*Supplemental Response to Demand for Production No. 7 states:*

Defendant stands on its prior response pursuant to 19 V.I.C. sec. 248(b) which states as follows:

(b) All proceedings and records or proceedings concerning medical staff review, hospital review and other reviews of medical care conducted by the utilization review committee, **quality assurance committee**, medical review committee, surgical review committee, peer review committee or **disciplinary committee** of physicians and other health care practitioners or personnel or on behalf of individual physicians, when the reviews are required by Federal or Territorial law, rules and regulations or as a condition of accreditation by any applicable regulatory body or certification by the Health Care Financing Administration **are privileged and confidential**.

*Demand for Production No. 8 states:*

Produce all documents and/or communications from the Medical Staff Quality Committee concerning Co-Defendant Michelle Shiel.

*Melissa Luterek Individually and as Special Administratrix of the Estate*     2022 VI Super 35U
*of Peter Dariusz Luterek, Deceased v. Schneider Regional Medical Center, et al.*
Case No. ST-17-CV-345
Memorandum Opinion

*Response to Demand for Production No. 8 states:*

Objection. This information is protected from disclosure pursuant to 19 V.I.C. sec. 248(b). None.

*Supplemental Response to Demand for Production No. 8 states:*

Defendant stands on its prior response pursuant to 19 V.I.C. sec. 248(b) which states as follows:

(b) All proceedings and records or proceedings concerning medical staff review, hospital review and other reviews of medical care conducted by the utilization review committee, **quality assurance committee**, medical review committee, surgical review committee, peer review committee or **disciplinary committee** of physicians and other health care practitioners or personnel or on behalf of individual physicians, when the reviews are required by Federal or Territorial law, rules and regulations or as a condition of accreditation by any applicable regulatory body or certification by the Health Care Financing Administration **are privileged and confidential**.

*Demand for Production No. 9 states:*

Produce all documents and/or communications from the Medical Staff Quality Committee concerning Co-Defendant Eileen McNally.

*Response to Demand for Production No. 9 states:*

Objection. This information is protected from disclosure pursuant to 19 V.I.C. sec. 248(b). None.

*Supplemental Response to Demand for Production No. 9 states:*

Defendant stands on its prior response pursuant to 19 V.I.C. sec. 248(b) which states as follows:

(b) All proceedings and records or proceedings concerning medical staff review, hospital review and other reviews of medical care conducted by the utilization review committee, **quality assurance committee**, medical review committee, surgical review committee, peer review committee or **disciplinary committee** of physicians and other health care practitioners or personnel or on behalf of individual physicians, when the reviews are required by Federal or Territorial law, rules and regulations or as a condition of accreditation by any applicable regulatory body or certification by the Health Care Financing Administration **are privileged and confidential**.

*Melissa Luterek Individually and as Special Administratrix of the Estate*      2022 VI Super 35U
*of Peter Dariusz Luterek, Deceased v. Schneider Regional Medical Center, et al.*
Case No. ST-17-CV-345
Memorandum Opinion

*Demand for Production No. 10 states:*

Produce all documents from the Medical Staff Quality Committee concerning any other Co-Defendant.

*Response to Demand for Production No. 10 states:*

Objection. This information is protected from disclosure pursuant to 19 V.I.C. sec. 248(b).

*Supplemental Response to Demand for Production No. 10 states:*

Defendant stands on its prior response pursuant to 19 V.I.C. sec. 248(b) which states as follows:

(b) All proceedings and records or proceedings concerning medical staff review, hospital review and other reviews of medical care conducted by the utilization review committee, **quality assurance committee**, medical review committee, surgical review committee, peer review committee or **disciplinary committee** of physicians and other health care practitioners or personnel or on behalf of individual physicians, when the reviews are required by Federal or Territorial law, rules and regulations or as a condition of accreditation by any applicable regulatory body or certification by the Health Care Financing **Administration are privileged and confidential.**

*Demand for Production No. 14 states:*

Produce copies of any documents and communications relative to all disciplinary actions, corrective actions, warnings, suspensions, investigations, inquiries or any other such action taken against any individual or entity as a result of the subject incidents as described in Plaintiff's Complaint.

*Response to Demand for Production No. 14 states:*

Objection. This information is protected from disclosure.

*Supplemental Response to Demand for Production No. 14 states:*

Defendant stands on its prior response pursuant to 19 V.I.C. sec. 248(b) which states as follows:

(b) All proceedings and records or proceedings concerning medical staff review, hospital review and other reviews of medical care conducted by the utilization review committee, **quality assurance committee**, medical review committee, surgical review committee, peer review committee or **disciplinary committee** of physicians and other health care practitioners or personnel or on behalf of individual physicians, when the reviews are required by Federal or Territorial law, rules and regulations or as a condition of

*Melissa Luterek Individually and as Special Administratrix of the Estate*      2022 VI Super 35U
*of Peter Dariusz Luterek, Deceased v. Schneider Regional Medical Center, et al.*
Case No. ST-17-CV-345
Memorandum Opinion

accreditation by any applicable regulatory body or certification by the Health Care Financing **Administration are privileged and confidential.**

¶10     In Demands for Production Nos. 7, 8, 9, 10, and 14, Luterek requests SRMC produce documents and communications from the "Medical Staff Quality Committee" concerning the three (3) individual co-defendants and any other co-defendants. SRMC objects, arguing such information is protected from disclosure pursuant to 19 V.I.C. § 248(b). Conversely, Luterek argues the documents are not confidential and that 19 V.I.C. 248(j) supersedes 19 V.I.C. § 248(b) and permits courts to order a peer review body to provide information or discovery in any proceeding in which a health care professional is accused of a civil action. 19 V.I.C. 248(j) ("[A] court may order a peer review body to provide information or discovery in any proceeding in which the health care professional is accused of a felony, civil action, or any professional misconduct if the court determines that disclosure is in the best interest of justice[.]").

¶11     The Court agrees with Luterek. The information is certainly relevant, and its disclosure is in the "best interest of justice." Therefore, the Court will **ORDER** SRMC to supplement their responses to Luterek's Demands for Productions Nos. 7, 8, 9, 10, and 14, and SRMC will produce communications from the "Medical Staff Quality Committee" concerning co-defendants Martha Jane Stewart, Michelle Shiel, Eileen McNally, and any other necessary co-defendant.

DEMAND FOR PRODUCTION NO. 20

*Demand for Production No. 20 states:*

Produce a copy of each and every Complaint and/or claim alleging any medical malpractice action against Defendant and/or against any Co-Defendant from 2015 to the present.

*Response to Demand for Production No. 20 states:*

Objection. Overbroad and irrelevant.

*Supplemental Response to Demand for Production No. 20 states:*

*Melissa Luterek Individually and as Special Administratrix of the Estate*    2022 VI Super 35U
*of Peter Dariusz Luterek, Deceased v. Schneider Regional Medical Center, et al.*
Case No. ST-17-CV-345
Memorandum Opinion

Objection. Request for "each and every malpractice action" "against any Codefendant" is overbroad and will not lead to the discovery of facts relevant this action.

¶12    In Demand for Productions No. 20, Luterek requests SRMC to produce copies of every medical malpractice claim against SRMC and other co-defendants from 2015 to the present. Luterek argues this information is relevant to the case *sub judice* and therefore discoverable. SRMC does not dispute this claim but believes that such information is publicly available and Luterek is in a "more convenient and less burdensome" position to obtain the requested information. *See* V.I. R. CIV. P. 26(b)(2)(C)(i).

¶13    The Court agrees with Luterek. Parties are permitted to discover relevant, nonprivileged evidence even if such information is not admissible at trial, so long as "the discovery is reasonably calculated to lead to the discovery of admissible evidence." *Molloy v. Indep. Blue Cross*, 56 V.I. 155, 169 (V.I. 2012). The Court is afforded broad discretion in determining the relevancy of information sought, and discovery is often liberally granted "to permit parties a fair opportunity to develop their causes of action or defenses." *Guardian Ins. Co. v. Estate of Knight-David*, No. ST-08-CV-189, 2014 V.I. LEXIS 159, at *5 (Super. Ct. Sep. 2, 2014). Courts have granted discovery requests concerning past lawsuits and complaints. Here, there is a specific allegation of one of the co-defendants allegedly under investigation for a similar incident at another hospital that resulted in the death of a patient. Therefore, the Court believes SRMC is in the best position to provide this information to Luterek. Thus, the Court will **ORDER** SRMC to produce complaints or claims related to medical malpractice as it relates to SRMC and each co-defendant from 2015 to the present.

*Melissa Luterek Individually and as Special Administratrix of the Estate*     2022 VI Super 35U
*of Peter Dariusz Luterek, Deceased v. Schneider Regional Medical Center, et al.*
Case No. ST-17-CV-345
Memorandum Opinion

## DEMAND FOR PRODUCTION NO. 22

*Demand for Production No. 22 states:*

Produce copies of all Defendant's standards, policies, procedures, practices, rules, protocols, regulations and criteria followed with regard to preparing patients for cardiac catheterization.

*Response to Demand for Production No. 22 states:*

See document attached as Bates No. GVI000371-GVI000373.

*Supplemental Response to Demand for Production No. 22 states:*

The preference card is not relevant to this inquiry.

¶14     Luterek's Demand for Production No. 22 requests SRMC to produce copies of standards, procedures, policies, and other practices followed when preparing patients for cardiac catheterization. Specifically, Luterek seeks the physician's preference card.[3] SRMC directs Luterek to three (3) pages of discovery and challenges the relevancy of the preference card, arguing such a request is outside the scope of the demand for production.

¶15     The present lawsuit alleges negligent medical malpractice and courts in other jurisdictions have found preference cards to be relevant in such actions. *See Young v. Univ. of Miss. Med. Ctr.,* 914 So. 2d 1272, 1276 (Miss. App. 2005) (finding that the probative value of a preference card, had it been offered into evidence, would have been to establish specific requests from the physician in preparation of surgery); *Mills v. Angel,* 995 S.W.2d 262, 278 (Tex. App. 1999) (holding that a witness' testimony was not sufficient to show the hospital had a duty to review the physician's preference card prior to surgery); *Napier v. Decatur Mem'l Hosp.,* 2020 IL App (4th) 190454-U, ¶ 14 (case where a preference card was included as relevant evidence in a medical malpractice

---

[3] A preference card notifies a hospital of a surgeon's preferred materials for different types of surgeries so that the materials are available in the hospital's inventory. *See Wilbourn v. Cavalenes,* 398 Ill. App. 3d 837, 842 (2010).

*Melissa Luterek Individually and as Special Administratrix of the Estate*
*of Peter Dariusz Luterek, Deceased v. Schneider Regional Medical Center, et al.*
Case No. ST-17-CV-345
Memorandum Opinion

2022 VI Super 35U

claim); *Stricklin v. Bordelon*, Civil Action No. 19-cv-1242-WJM-KMT, 2020 U.S. Dist. LEXIS 7479, at *8 (D. Colo. Jan. 16, 2020) (witness testifying that, to a certain degree, a preference card controls how nurses prepare a patient for surgery). The Court finds the preference card for the respective co-defendant wholly relevant and therefore discoverable. *See Donastorg*, 2019 V.I. LEXIS 66 at *5-6. The Court also finds SRMC's response insufficient as SRMC's policies, procedures, and practices cannot realistically be detailed in three (3) pages. Thus, the Court will **ORDER** SRMC to produce the preference card as requested by Luterek and any other documents elaborating on the criteria followed with respect to preparing patients for cardiac catheterization.

DEMANDS FOR PRODUCTION NOS. 29, 30, and 31

*Demands for Production No. 29, 30, and 31 state:*

Produce a complete copy of all certificates, and/or completion documents of any type whatsoever, regarding any and all continuing education credits and/or CME (Continuing Medical Education) for the past ten (10) years for Co-Defendant Eileen McNally, [Martha Jane Stewart, and Michelle Shiel, respectively.]

*Responses to Demands for Production No. 29, 30, and 31 state:*

Objection. Overbroad in time and scope. Will supplement.

*Supplemental Responses to Demands for Production No. 29, 30, and 31 state:*

Will supplement.

¶16     In Demands for Production Nos. 29, 30, and 31, Luterek requests copies of certificates and/or documents recognizing the completion of continuing medical education credits. In their opposition, SRMC affirms they agreed to supplement their responses to Luterek's Demands for Production Nos. 29, 30, and 31, and will produce the information once received. Thus, the Court will not rule on these demands for production at this time.

*Melissa Luterek Individually and as Special Administratrix of the Estate*      2022 VI Super 35U
*of Peter Dariusz Luterek, Deceased v. Schneider Regional Medical Center, et al.*
Case No. ST-17-CV-345
Memorandum Opinion

## DEMAND FOR PRODUCTION NO. 32

*Demand for Production No. 32 states:*

Produce any and all statements taken and/or made by any person concerning the incidents as described in Plaintiff's Complaint.

*Response to Demand for Production No. 32 states:*

Objection. This inquiry seeks information protected by the attorney client and work product privileges.

*Supplemental Response to Demand for Production No. 32 states:*

Defendant stands on its responses.

¶17      Demand for Production No. 32 requests "any and all statements taken and/or made by any person concerning the incidents as described in Plaintiff's complaint." SRMC contends such statements are protected by attorney-client privilege, or alternatively, the work product doctrine. Virgin Islands courts recognize statements made by clients to their attorney are protected by attorney-client privilege and documents prepared in anticipation of litigation are protected by the work product doctrine. *See DiamondRock Hosp. Co. v. Certain Underwriters at Lloyd's of London*, 72 V.I. 185, 193 (Super. Ct. 2019). Conversely, Luterek opines any privilege was waived when SRMC failed to produce a privilege log pursuant to V.I. R. Civ. P. 26(b)(5). *See also Joseph v. Pricesmart LLC*, No. ST-15-CV-62, 2016 V.I. LEXIS 17, at *9 (Super. Ct. Feb. 29, 2016).

¶18      Waiver of privileged statements which are protected by attorney-client privilege or the work product doctrine is too harsh a punishment. SRMC's failure to produce a privilege log does not automatically entitle Luterek to those protected statements. Luterek is not entitled to communications that fall within the privilege of attorney-client nor is she entitled to work product of counsel. However, Luterek is entitled to non-privileged statements relevant to this case. The Court will **ORDER** SRMC to produce any non-privileged statements taken or made by any person

*Melissa Luterek Individually and as Special Administratrix of the Estate*     2022 VI Super 35U
*of Peter Dariusz Luterek, Deceased v. Schneider Regional Medical Center, et al.*
Case No. ST-17-CV-345
Memorandum Opinion

concerning the incidents described in Luterek's complaint, but exclude all attorney-client communications and work product generated from those communications.

¶19 Last, SRMC did not challenge the requests to supplement Luterek's Demands for Production Nos. 19, 34, 37, 39, 47, 51, 58, 59, 60, 62, and 63. Consequently, the Court will **ORDER** SRMC to supplement Luterek's respective demands for production.

## IV. CONCLUSION

¶20 In conclusion, Luterek has demonstrated her good faith efforts to obtain discovery information without court interference. The Court finds that SRMC must further supplement their responses to Luterek's demands for production. The motion to compel will be granted and an Order consistent herewith immediately follows.

Dated: March __18__, 2022

**Renée Gumbs Carty**
Judge of the Superior Court
of the Virgin Islands

**ATTEST**:
Tamara Charles
Clerk of the Court

By: _____
for Donna D. Donavan
Court Clerk Supervisor 3 /21 /2022

15

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
*******

MELISSA LUTEREK Individually and as )
the Special Administratrix of the ESTATE )
OF PETER DARIUSZ LUTEREK, )
Deceased, )
        Plaintiffs, )

v. )

SCHNEIDER REGIONAL MEDICAL )
CENTER, MARTHA JANE STEWART, )
M.D., EILEEN Mc NALLY. RN. MICHELLE )
SHIEL, RN, TRIPLE-S SALUD, INC. )
d/b/a BLUE CROSS BLUE SHIELD OF )
THE VIRGIN ISLANDS, and JOHN )
DOE/JANE DOE and ABC, CORP., )
        Defendants. )

CASE NO. ST-17-CV-00345

ACTION FOR DAMAGES

**JURY TRIAL DEMANDED**

2022 VI Super 35U

## ORDER

**THIS MATTER** is before the Court on Plaintiff's, Melissa Luterek, ("Luterek"), Motion to Compel Schneider Regional Medical Center to Supplement its Responses [to] Plaintiffs' Demand for Production of Documents" filed on June 9, 2021. Defendant, Schneider Regional Medical Center ("SRMC"), filed their opposition on June 23, 2021, and Luterek filed her reply on July 8, 2021. Consistent with the Memorandum Opinion of even date, it is hereby

**ORDERED** that Luterek's motion is **GRANTED**; and it is further

**ORDERED** that SRMC shall supplement their responses to Luterek's Demands for Production Nos. 3, 4, 5, 6, 7, 8, 9, 10, 14, 19, 20, 22, 32, 34, 37, 39, 47, 51, 58, 59, 60, 62, and 63; and it is further

**ORDERED** that SRMC shall respond to Plaintiff's written discovery requests within

thirty (30) days of entry of this Order; and it is further

**ORDERED** that copies of this Order shall be directed to Lee J. Rohn, Esquire, Julie

German Evert, Esquire and Royette V. Russell, Esquire.

Dated: March **18** , 2022

**Renée Gumbs Carty**
Judge of the Superior Court
of the Virgin Islands

**ATTEST**:
Tamara Charles
Clerk of the Court

By: _____

Donna D. Donavan
Court Clerk Supervisor 3 /21/ 2022